ADOLPHE FOLLAIN and others *v.* HYACINTHE LEFEVRE.

Art. 439 of the Code of Practice, making it the duty of the court which grants a commission to take testimony, to fix a day for its return, was intended to obviate any dispute as to the sufficiency of the time allowed for its execution, when the case should be called for trial before its return. But the neglect of the court to fix a return day, will not render the commission null.

No evidence will be required of the official capacity of functionaries commissioned by the State.

A commission to take testimony, directed to "any one of the associate judges of the City Court of New Orleans," appeared from the record to have been executed by one *N.* Jackson. There being no associate judge of that name, on an objection to its admission, and allegation by the party that it was a clerical error for *O. P.* Jackson, an actual judge of that court: *Held,* that the record not having been corrected by *certiorari,* the error is fatal.

APPEAL from the District Court of St. Martin, *Boyce,* J.

*Voorhies,* for the plaintiffs.

*T. H. Lewis, W. B. Lewis,* and *I. E. Morse,* for the appellant.

MORPHY, J. The defendant is sued for the price of groceries and merchandize, alleged to have been furnished at his special instance and request to the firm of Murphy & Margain, for the use of a saw mill at Lake Chicot, in the parish of St. Martin. It is further alleged, that the partnership, although carried on under the style of Murphy & Margain, was, in fact, at the time of the purchase of those goods, composed of John B. Murphy, L. Margain, and the defendant, the latter being equally interested with Margain in dividing the profits and sustaining the losses. That the petitioners, being unacquainted with the said Margain, whom they would not have trusted, were induced to deliver the goods in consequence of the defendant's promises to become personally responsible for the same. The defendant pleaded the general issue, averring that he never was interested in the partnership of Murphy & Margain, nor ever became personally liable or bound for any of the debts of the partnership, which was a particular, and not a commercial partnership. That after the death of Margain, one of the partners, he was appointed administrator of his estate, and received a power from J. B. Murphy, the other partner,

to collect the moneys due to the partnership, and to pay its legitimate debts; that any promise he may have made to pay the whole or any part of the plaintiffs' claim, must be understood as having been made by him in his capacity of administrator and agent, &c. The plaintiffs obtained a judgment below, from which the defendant has appealed.

The counsel for the defendant has called our attention to a bill of exceptions to testimony taken under a commission directed to one of the associate judges of the City Court of New Orleans. His objections were, that the commission did not mention the time at which it should have been returned into court, and that it did not appear to have been executed by any one of the officers to whom it was directed. Article 439 of the Code of Practice, upon which the first objection is based, appears to us entirely directory. The duty imposed on the judge who grants a commission, of fixing a return day, was no doubt intended to avoid delay and all dispute about the sufficiency of the time elapsed for its execution, when the case is called up for trial before its return. We do not think that the pain of nullity attaches to or results from the neglect of the judge to fix a return day, although it is made his duty to do so. But the second objection urged by the appellants, is, we apprehend, fatal. The commission purports to have been executed by one *N. Jackson*. We have more than once held that we would not require evidence of the official capacity of functionaries commissioned in this State, and would take notice of the offices held by them; but we know of no associate judge in commission bearing the name affixed to this document. It is said to be a clerical mistake, and that the name of *O. P. Jackson* was intended to be written. If so, it should have been corrected by means of a *certiorari*. We are bound to presume that the transcript is a true one, and as the record now stands before us, we cannot consider the commission as executed by any one of the magistrates to whom it was directed.

Although the evidence of the plaintiffs is considerably weakened, when we disregard the testimony taken under the commission, yet the record contains enough, in our opinion, to sustain the judgment appealed from. In the fall of 1839, when the defendant had long ceased to be the curator of Margain's estate, the

plaintiffs' account for the articles sold to Murphy and Margain was presented to him, and payment demanded by one Darbes. He said that he would then pay in cash a part of the account, and would pay the balance if they allowed him time. In the same conversation, he stated that he would pay the whole account. To another witness, Bonaface, the defendant stated, that he would pay the account due Follain, Bellocq, and Degelos, because he had presented Margain to them; that having introduced him to the plaintiffs, he felt, in honor, bound to pay the debt, and spoke of the account as amounting to about $1000. He refused to pay an account due to Bonaface by Murphy & Margain, saying that he was not their partner; and gave as a reason why he would pay plaintiffs, that he had introduced Margain to them. The evidence shows that although defendant was not a partner with Murphy and Margain in the saw mill, he had in it, by reason of his advances to Margain, a sufficient interest to see it provided with the necessary supplies, and to incur the responsibility which he readily admitted, when the account was presented to him.

*Judgment affirmed.*