# T. O. BRUNN v. MARTIN MURPHY et als.

CASE AFFIRMED.—*O'Grady* v. *Barnhisel*, 23 Cal. 287, affirmed.

ASSESSMENT FOR TAXES.—An assessment of land for taxes to "Murphy and Dooley, and to all owners and claimants known or unknown, and to all owners and claimants of any interest, present or future, therein, or any lien upon the same," is good under the Revenue Act of 1854, as amended by the Acts of 1857 and 1859.

DESCRIPTION OF LAND SOLD IN TAX DEED.—If the description of the land assessed is definite and accurate in the assessment, and is inserted in the tax deed, and the purchaser at the sale buys a portion of it for the taxes and costs, such description in the tax deed of the portion sold as will enable its boundaries to be determined by extrinsic evidence, applying the description in the deed to the land, is sufficient.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The property was assessed for the fiscal year ending June 30th, A. D. 1862, at four thousand dollars, "to Murphy and Dooley, and to all owners and claimants, known or unknown, and to all owners and claimants of any interest, present or future, therein, or any lien upon the same." The assessment described the lot assessed as "commencing on the south-westerly corner of Herman and Mission streets; thence westerly on Herman street three hundred and eighty feet; thence southerly, parallel with Valencia street, five hundred and fifty feet, to Ridley street; thence easterly along Ridley street fifty-seven feet; thence north eight degrees twenty-five minutes east three hundred and five feet; thence south eighty-seven degrees fifty minutes east two hundred and fifty-six feet to west line of Mission street; thence northerly on Mission street three hundred and thirty feet, to the place of beginning."

At the sale, James A. Gauley was the bidder, who was willing to take the smallest portion of the lot and pay the taxes and costs; and the deed, after reciting the assessment, and that Gauley was the bidder who was willing to take the smallest portion of the lot and pay the taxes and costs, described the portion sold to him as "the lot of land commencing on the southwesterly corner of Herman and Mission streets; thence running westerly on Herman street twenty-five feet; thence

at right angles southerly to land assessed to Murphy and Doo-
ley, and also to J. P. Holden ; thence south eighty-seven
degrees fifty minutes east to Mission street; thence northerly
on Mission street three hundred and thirty feet, to the point of
beginning." Plaintiff was the assignee of Gauley.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence*, for Appellant.

*H. H. Haight*, for Respondents.

By the Court, SAWYER, J.

This is an action to recover a tract of land in San Francisco.
The plaintiff offered in evidence a tax deed executed upon a
sale made for taxes for the fiscal year ending June 30th, 1861.
Objection was made to its introduction on the ground that it
was defective in numerous specified particulars required by
the statute to be stated in a tax deed, and on other grounds.
The objection was sustained, and the deed excluded. The
plaintiff having no other title, judgment was rendered against
him. A motion for new trial having been made, and denied,
plaintiff appeals from the order denying the motion, and from
the judgment.

The only objections to the introduction of the tax deed
worthy of consideration are those relating to its sufficiency
under the statute. Since the trial of this case in the District
Court, the case of *O'Grady* v. *Barnhisel*, 23 Cal. 287, has
been finally decided on petition for rehearing, in which a deed
differing somewhat in form and minor details, yet in all essen-
tial particulars similar to the one in question, was held to be
sufficient. That case was twice thoroughly argued before our
predecessors, and the judgment had the concurrence of four
Justices, there having been a change in one of the members of
the Court between the first and second decisions. We do not
feel called upon to reinvestigate the questions determined in
that case.

*Assessment of property.*

The motion for new trial, made since the decision in *O'Grady* v. *Barnhisel,* was denied on the authority of *Moss* v. *Shear,* 25 Cal. 38, upon the supposition that the tax for which the sale in question took place, was levied under section sixty-four of the Revenue Act of 1854, construed in that case. The learned Judge evidently overlooked one or two of the numerous amendments and changes in the revenue laws made since 1854. Section fifty-five of the Act of 1857 repeals in express terms "sections fifty-nine to sixty-six, inclusive * * * of an Act passed on the 15th of May, 1854, entitled 'An Act to provide revenues,'" etc. (Laws 1857, p. 344, Sec. 55.) The tax in question was, therefore, not levied under sections sixty-four and sixty-five of the Act of 1854, but under the Act of 1857, as further amended by the Act of 1859. Section three of the Act of 1857, as amended by section two of the Act of 1859, contains a provision designed to obviate the questions involved in *Moss* v. *Shear,* which provision is as follows: "Provided, all real estate and personal property shall be assessed to a person, firm, corporation, association or company, as herein provided, if any owner or claimant shall be known to the Assessor, and to all owners and claimants of any interest, present or future therein, or any lien upon the same, and no error in regard to such owner or claimant shall in anywise affect the validity of such assessment." (Laws 1859, p. 346, Sec. 2.)

And to carry out this idea, and as a still further guard against an escape through a defective assessment even under this stringent provision, section twenty-three was also amended so as to read as follows: "The matters directed by section eighteen to be substantially recited in the tax certificate, and by section twenty-two in the deed, shall be deemed, and they are hereby declared to be, all the requisites essential to the validity of sales made for taxes—and a deed, made in conformity with the requirements of section twenty-two, shall convey to the grantee the absolute title to the lands described in said

deed, and free and clear of all encumbrances,  *  *  *  whatever, *whether said land was taxed to such person or persons, corporation or corporations, by name, or not,*" etc.    (Ib. 349.)

It would seem, that, if there is any possibility of obviating by means of human language the force of appellant's criticisms upon the assessment "to Murphy and Dooley, and to other known and unknown owners and claimants," the Legislature has accomplished it in these provisions.  If not, that body may well despair of accomplishing the desired result, and Assessors may also despair of ever making an assessment that will stand the test of judicial scrutiny.

### *Description in tax deed.*

A point is also made, as to the sufficiency of the description in the deed.    It is claimed to be void for uncertainty.    The description complained of is not the one contained in the assessment roll, which is also introduced into the deed.    The description of the property assessed is apparently accurate and definite.    But one side of the part sold is said to be indefinite, as it is bounded on that side by lands assessed to other parties. The starting point is fixed with precision, and the length and direction of the first line given.    The second line runs "thence at right angles southerly to land assessed to Murphy and Dooley, and also to J. P. Holden."    It must be presumed that the parties understood at the time of the bidding what lands were then designated as being assessed to Murphy and Dooley, etc., and the description may be applied to the land sold, if necessary, by extrinsic evidence.    Whether this description would have been sufficient or not for the purposes of an assessment, we think it *prima facie* sufficient for the purpose of indicating the portion of the land sold, which had already been properly assessed.

We think the Court erred in excluding the deed.

Judgment reversed and new trial ordered.

Mr. Justice CURREY and Mr. Justice RHODES dissented.