## S. H. WETHERBEE v. MARY DUNN et als.

RECITALS IN TAX DEED.—It is not necessary in the recitals in a tax deed, given for land sold for the taxes of 1857–8, to state in what manner the tax had been levied or the rate of taxation, nor for what amount the land was assessed by the Assessor, nor that a certificate of sale was filed with the County Recorder.

TAX COLLECTOR.—It is not necessary, before introducing a tax deed in evidence, to prove that the person by whom it was executed held the office of Tax Collector at the time when the sale was made.

DEED AS EVIDENCE.—A tax deed properly acknowledged is admissible in evidence without further proof.

OF WHAT COURTS WILL TAKE JUDICIAL NOTICE.—Courts will take judicial notice of the fact as to who holds the office of Tax Collector of a county or district, and as to who fills the various county offices within their jurisdiction, and of the genuineness of their signatures.

DESCRIPTION IN ASSESSMENT AND TAX DEED.—A tax deed which describes the property conveyed as "Block No. 25, less a lot belonging to Bryant, 70 by 137½, in the southeasterly corner," is not void on the ground that the description of the premises is insufficient, nor because it was assessed by that description.

CROSS EXAMINATION.—Where a witness testifies in chief that a piece of land was assessed for taxes, it is not a cross examination to ask him the usual way of selling property for taxes, or whether another piece of land was sold for taxes.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the trial the plaintiff offered in evidence the tax deed to his grantor, without proving that the person who executed it was the Tax Collector, or the genuineness of his signature. The recitals in the deed did not state in what manner the tax had been levied, the rate of taxation, nor for what amount the land had been assessed by the Assessor, nor that a certificate of the tax sale had been filed with the County Clerk. The defendants objected to its reception for these among other reasons, and the Court overruled the objections.

The plaintiff called a witness, who testified that Mr. Bryant had a portion of " Block 25 " assessed to him in 1857–8. On cross examination defendants' attorney asked the witness to state the usual way of selling property for taxes at that time, and then offered to prove by him that neither the owner nor the Tax Collector was present at the sale, and that the lot was not sold. Plaintiff's attorney objected, as not 'proper cross examination, and the Court sustained the objection.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellants.

The filing with the County Recorder of the certificate of sale is a condition precedent to the making of a tax deed, or a condition subsequent to the sale. Such filing should have been proven by the plaintiff; without such proof his deed was void, for non-compliance with said condition. (Statutes 1857, p. 334, Secs. 20, 22, and 23; Blackwell, 369, 404–5; *Reed* v. *Morton*, 9 Missouri, 878.) The recitals in the tax deed were insufficient to make the deed *prima facie* evidence. (*Terrell* v. *Graves*, 18 Cal. 149; *Barker* v. *Blake*, 36 Maine, 433.)

*John Reynolds*, for Respondent, on the point of the recitals in the deed, cited *O'Grady* v. *Barnhisel*, 23 Cal. 287; and *Brunn* v. *Murphy*, 29 Cal. 326.

By the Court, SANDERSON, J.:

Ejectment to recover part of Block Number Twenty-Five, in the City of San Francisco. The plaintiff had judgment, and the defendant appealed.

The plaintiff's title is founded upon a sale of the premises by the Tax Collector for taxes of 1857–8, made under the Revenue Act of 1857 (Statutes 1857, p. 325,) and the Act of 1859 (Statutes 1859, p. 4,) legalizing the tax list of the City and County of San Francisco for the fiscal year ending June 30, 1858. In support of his title he offered in evidence a deed from the Tax Collector to one Vassault, under whom he claims. The defendant objected to the deed upon a variety of grounds affecting its validity. It is unnecessary to notice them in detail. So far as they relate to the historical part of the deed they are fully answered by the cases of *O'Grady* v. *Barnhisel*, 23 Cal. 287; and *Brunn* v. *Murphy*, 29 Cal. 326. On comparing the recitals in the deed with the provisions of the eighteenth section of the statute under which they were prepared, we find no fault.

Nor was it necessary before introducing the deed to prove that the person by whom it was executed held the office of Tax Collector at the time the sale was made. There is some conflict as to how far Courts should go in the exercise of judicial knowledge in respect to who are occupants of inferior offices and tribunals. It is settled that they will take notice of who are the principal officers of State, heads of Departments, foreign Ministers, United States Senators, Marshals, Sheriffs and the like, and the genuineness of their signatures. In Louisiana the Courts take notice of the signatures of all executive and judicial officers to all official acts. (*Jones* v. *Galis' Curax'r*, 4 Martin, 635 ; *Wood* v. *Fitz*, 10 Martin, 196 ; *Follain* v. *Lefevre*, 3 Rob. 13 ; *Despau* v. *Swindler*, 3 Martin, N. S., 705.)

The general rule upon this subject is, that Courts will take notice of whatever ought to be generally known within the limits of their jurisdiction. (1 Greenleaf Ev. 11.) We think that the Courts ought at least to go so far as to take notice as to who fill the various county offices within their jurisdiction and the genuineness of their signatures. But independent of this, the deed in question was properly acknowledged before a competent officer, and therefore entitled to admission without further proof.

Nor was the deed void on the ground that the description of the premises is insufficient. The premises are described as constituting Block Number Twenty-Five less a lot belonging to Bryant, seventy by one hundred and thirty-seven and a half, in the southeasterly corner. It is also described by giving the streets by which it is bounded. We think it sufficient both for the purposes of assessment and conveyance. But if not, the defect was cured by the Act of 1859, already mentioned. (*People* v. *Holladay*, 25 Cal. 300.)

Nor did the Court err in excluding the testimony offered by the defendants for the purpose of defeating the tax sale. They offered the testimony by cross examination of one of the plaintiff's witnesses, and as it did not tend to rebut anything which that witness had said upon the direct examination, it was properly excluded upon the objection of plaintiff to that mode

of proof.   So far as we can learn from the transcript, the offer was not subsequently renewed.

There is nothing in the other points deserving of special notice.   The plaintiff showed a right to recover on his tax title, and the Court did not err in so advising the jury.

Judgment affirmed.

Mr. Chief Justice CURREY did not express any opinion.