[S. F. No. 467.   Department Two.—July 8, 1897.]

## WILLIAM ROLLINS, APPELLANT, *v.* JAMES P. WOODMAN ET AL., RESPONDENTS.

TAXATION—DELINQUENT LIST—CONDENSED DESCRIPTION OF PROPERTY ASSESSED.— A condensed description in a delinquent list of the property assessed, which consists only in the use of common abbreviations, is permissible, if thereby the property may be easily known.

ID.—PUBLICATION OF DELINQUENT LIST—RECITAL IN TAX DEED—CONSTRUCTION.—A recital in a tax deed that in the publication of the delinquent list there was given "such a condensed description of the property that it might easily be known," is not susceptible of the construction that the published delinquent list did not contain a copy of the assessment, nor the description contained in the original assessment; but such recital is consistent with proof either that the condensed statement was contained in the original assessment, or that it con-

sisted only in the use of common abbreviations, permissible in a delinquent list.

ID.—TAX SALE—CERTIFICATE OF PURCHASE—SPECIFICATION OF TIME FOR DEED—HOLIDAY.—The fact that the certificate of purchase given at a tax sale, specified the time when the purchaser would be entitled to a deed, as being a date just twelve months from the date of sale, and that such date so specified was a legal holiday, is not a fatal defect in the certificate, though no deed could be compelled upon that day, the statutes having reference to the time when the right of the purchaser to the deed shall have become fixed, and not to the means of obtaining the instrument from the proper officer.

ID.—VALIDITY OF TAX DEED—SALE OF ENTIRE PROPERTY ASSESSED OFFER OF LEAST QUANTITY—RECITALS IN DEED—EVIDENCE—PROOF OF TITLE.—Where a tax deed recites that the least quantity of the land described in the assessment, which any person would take and pay the taxes, was offered at the sale, and that the purchaser named in the deed was the person who was willing to take the least quantity thereof, and pay the taxes; and that such least quantity was the whole of the land, such sale of the whole property assessed satisfies the statute; and where the recitals of the tax deed show a compliance with the law in other respects, the deed is valid upon its face, and admissible in evidence to show title in the purchaser.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. CHAS. W. SLACK, Judge.

The facts are stated in the opinion.

*William & George Leviston,* for Appellant.

The sale of the whole land was valid under the offer of the least quantity. (*Doland* v. *Mooney,* 79 Cal. 137; *Hewes* v. *McLellan,* 80 Cal. 393.) The day fixed for the deed in the certificate of purchase showed the time when the right of the purchaser was fixed; and a deed issued on that day, though a holiday, would not have been invalid, though it might be made the following day. (Civ. Code, sec. 11; Code Civ. Proc., sec. 13.) The recitals in the tax deed do not show any misdescription in the delinquent list of the property assessed. (*Stout* v. *Mastin,* 139 U. S. 151, 164; Blackwell on Tax Titles, 434.) The tax deed was admissible in evidence as proof of title. (*Rollins* v. *Wright,* 93 Cal. 395; *Carpenter* v. *Shinners,* 108 Cal. 363.)

*Freeman & Bates,* for Respondent.

There is no authority for the publication of anything but a true copy of the delinquent list, which must contain all matters and things contained in the assessment book relating to delinquent persons and property. (Pol. Code, secs. 3759–61, 3789, 3799.) A condensed description of property cannot sustain a tax sale. (*Hayes* v. *Viator*, 33 La. Ann. 1164.) The purchaser was not entitled to a deed on Sunday, and the specification of the certificate was incorrect and therefore invalid. (Pol. Code, secs. 10–13; *Hughes* v. *Cannedy.* 92 Cal. 382.) The offer of sale of the whole lot, at public auction, was void. (*French* v. *Edwards,* 13 Wall. 506.)

Britt, C.—Action to quiet title to a parcel of land in the city and county of San Francisco. At the trial the only evidence offered by plaintiff was a deed following upon a sale of the premises in dispute, made by the tax collector of said city and county, on April 4, 1884, for the taxes of the fiscal year then current, at which sale plaintiff was the purchaser. The court sustained certain objections to the competency of this deed, and rendered judgment for defendants.

The statute in force in 1884 provided that in the delinquent tax list must be set down "all matters and things contained in the assessment-book and relating to delinquent persons or property," and that the tax collector "must publish the delinquent list, which must contain the names of the persons and a description of the property delinquent," and publish with such list a notice that the real property on which delinquent taxes are a lien will be sold at public auction. (Pol. Code, secs. 3760, 3764, 3765.) Plaintiff's deed recited that in the publication so required was given in this instance "such a condensed description of the property that it might easily be known;" upon such recital it was objected and is now argued that the delinquent list thus published "did not contain a copy of the assessment

against this property, and contained only a condensed description of such property and not the description contained in the original assessment." The language of the instrument is not fairly susceptible of this construction; it may well have been that the same condensed description was contained in the original assessment, and transcribed thence into the delinquent list, and published by the collector literally as first entered; or the condensation in the delinquent list, if it first occurred there, may have consisted only in the use of common abbreviations, which we think is permissible, if thereby the property "may easily be known." (See *Stout* v. *Mastin*, 139 U. S. 154.)

By section 3776 of the Political Code, the certificate issued by the collector to the purchaser at a tax sale is required to specify the time when the purchaser will be entitled to a deed. This time, as the law stood in 1884, was upon the expiration of twelve months from the date of sale, if no redemption was made meanwhile (Pol. Code, secs. 3780, 3785); and the deed here recited that the date specified in the certificate issued to plaintiff was April 5, 1885, which was a Sunday, and it is argued that this was a fatal defect, because, it is said, the issuance of a deed could not be compelled on that day. But obviously the statute (Pol. Code, sec 3776) has reference to the time when the right of the purchaser to a deed shall become fixed—not to the means of obtaining the instrument from the proper officer; if a cause of action accrues to a person on a holiday we suppose he may be said to be entitled to it as a right of property although no court may then be open to his suit for its enforcement.

It is further claimed that since the deed recited that the collector offered the whole of the property for sale before offering any smaller part, it offended the provision of section 3773 of the Political Code, requiring the sale of the least quantity which any person will take and pay the taxes. It is stated in the deed that the least quantity of the land described was offered at the sale;

that the plaintiff was the person who was willing to take the least quantity thereof and pay the taxes and costs; and that such least quantity was the whole of the land. This satisfied the statute. (*Doland* v. *Mooney*, 79 Cal. 137; *Hewes* v. *McLellan*, 80 Cal. 393.) It was error to sustain the objections made to the deed, and the judgment should be reversed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.