[L. A. No. 401.   Department One.—January 27, 1898.]

WILLIAM HAYES, Respondent, v. PIERRE LEON DUCASSE et al., Appellants.

TAX DEED—RECITALS, HOW FAR REQUIRED—MODE OF OFFERING LAND FOR SALE—SALE OF SMALLEST QUANTITY FOR TAX—PRIMA FACIE EVIDENCE.—The matters now necessary to be recited in a tax deed are those prescribed by sections 3776, 3785, and 3786 of the Political Code, and none other; and it is nowhere required under the present law that the mode of offering the land for sale shall be stated in the deed, as was formerly required, so as to show affirmatively that the

officer sold the smallest quantity which any purchaser would take and pay the taxes; and where the deed contains the recitals made imperative by the Political Code, and shows that the purchaser paid the full amount of the unpaid delinquent tax, together with the costs and charges for the property sold, and recites "that said sale was conducted in the manner prescribed by law," there being nothing in the deed to show that the land sold was not the least quantity which any person would take and pay the taxes, such fact is presumed, and the deed is, by virtue of the express declaration of section 3786 of the Political Code, *prima facie* evidence that "the property was sold as prescribed by law."

ID.—PUBLICATION OF NOTICE OF SALE—PRESUMPTION—RECITAL NOT REQUIRED. A recital of the publication of the notice of sale is not among those expressly required by law to appear in the deed, and when the deed contains nothing to show that the notice was not published, the due publication thereof is included in the presumption from the presence of the essential recitals in the deed that at the proper time and place the property was sold as required by law.

APPEAL from a judgment of the Superior Court of the County of Los Angeles. Waldo M. York, Judge.

The facts are stated in the opinion.

Walter F. Haas, and Charles D. Houghton, for Appellants.

R. A. Redman, for Respondent.

BRITT, C.—This case concerns the title to a lot of land in the city of Los Angeles. Plaintiff claims through one Campbell who was the purchaser of such land at a sale thereof made on July 14, 1894, for delinquent state and county taxes of the fiscal year 1893-94. At the trial the defendants offered no evidence, but relied on various objections to the sufficiency of the deed to Campbell executed by the tax collector on May 14, 1896, pursuant to said sale. Plaintiff had judgment, and the only question on appeal is whether the tax deed is void on its face.

It is stated in said deed among other things, that the described parcel of land was "offered for sale at public auction . . . . and at such sale N. P. Campbell was declared the purchaser of the whole of the hereinbefore described property, who paid the full amount of said unpaid delinquent tax together with the costs and charges. . . . . That said sale was conducted in the manner prescribed by law." Defendants contend that the land is thus shown to have been offered for sale as a whole and not

otherwise, contrary to the provision of the statute that the person who will take the least quantity of land and pay the taxes and costs is the purchaser. (Pol. Code, sec. 3773.) The deed does not recite a procedure at the sale necessarily inconsistent with the requirement of the statute. The land was, of course, rightly offered at public auction (Pol. Code, sec. 3765); it may have been that on a call for bids of the amount of taxes and costs for the least quantity of land there was no response, and that the whole of the land was then offered and found to be the least quantity which any person would take and pay the taxes, etc; if so, the law was satisfied. (*Hewes v. McLellan,* 80 Cal. 393; *Rollins v. Woodman,* 117 Cal. 516.) The deed does not show that such course was not followed, and the next question is whether it ought to show affirmatively that it was followed. The matters necessary under the present law to be recited in a tax deed are those prescribed by the statute (Pol. Code, secs. 3776, 3785, 3786), and none other; for as to all proceedings not presumptively established by these recitals (with some exceptions of no present pertinence) the deed is made conclusive evidence of regularity. (Pol. Code, sec. 3787; *Rollins v. Wright,* 93 Cal. 395; *Miller v. Miller,* 96 Cal. 376; 31 Am. St. Rep. 229). Nowhere is it commanded that the mode of offering the land shall be stated in the deed. The deed before us contains the recitals made imperative by said sections of the code; the statement of the manner in which Campbell became the purchaser implies no contradiction thereof; it is, therefore, in virtue of the express declaration contained in said section 3786, *prima facie* evidence that "the property was sold as prescribed by law." This view is sustained by the decisions made on the effect of certain provisions of the revenue act of 1857 (Stats. 1857, p. 325) which much resemble those of the Political Code governing the present case. (*O'Grady v. Barnhisel,* 23 Cal. 287; *Brunn v. Murphy,* 29 Cal. 326; *Wetherbee v. Dunn,* 32 Cal. 106.) The policy of dispensing with detail of evidentiary matter in such deeds is vindicated by the opinion in *O'Grady v. Barnhisel,* as also in *Rollins v. Wright, supra.* Defendants cite certain cases in which a tax deed was held to be invalidated by recitals of procedure not conforming expressly to the statutory mode of sale (*French v. Edwards,* 13 Wall. 506; *McGrath v. Wallace,* 116 Cal. 548); to which might be added several others in this court.

The resemblance of those cases to the one at bar is but superficial; it is sufficient to specify a single radical difference: The cases referred to involved sales under a statutory provision that the deed should be conclusive evidence of title, with certain reservations, ,and with a *proviso* that the officer selling "shall only sell the smallest quantity which any purchaser will take and pay" the taxes. (Stats. 1861, pp. 120, 435; Stats. 1862, p. 523; Stats. 1865-66, p. 607.) The proviso operated as a limitation upon the presumptions which followed upon the deed itself; and as the law then stood it was necessary that the recital should show affirmatively that the sale was made in accordance with the proviso." (*Ferris v. Coover,* 10 Cal. 589, 632.) But the statute now in force contains no restriction on the presumption afforded by a deed, in due form, that the land was "sold as prescribed by law." (Pol. Code, sec. 3786.) To apply the rule of those cases here would be to ignore the advance of legislation for improving the evidential effect of the tax deed.

Defendants urge further that the deed fails to show that publication was made of the notice of sale required by section 3765 of the Political Code, and that the omission was fatal. We are disposed to think that the fact of such publication is fairly to be inferred from the language of the deed; but, not to put the decision of the point on that ground, we prefer to say that a recital of publication of notice is not among those expressly required by law to appear in the deed. Since, therefore, the deed contains nothing to show that notice was not published, the due publication thereof is included in the presumption (which flows from the presence of the essential recitals in the deed) that at a proper time and place the property was sold as prescribed by law. (Pol. Code, secs. 3786, 3787.) Whether such presumption is disputable or conclusive is not now material. The judgment should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.