## GIBSON v. SMITH et al.

Opening a default is largely in the discretion of the trial court.

The trial court's discretion in opening a default will not be disturbed unless it clearly appear that it was not justified.

Failure of plaintiff's attorney, before entering default, to call the court's attention to a letter by defendant to him asking, "Please let me know what for or what about your complaint is," is ground for opening the default.

Where defendant in an action to quiet title not only had a claim under a tax deed, but a material claim by virtue of improvements, of which plaintiff was informed, but failed to advise the court thereof before entering default, it was not an abuse of discretion to open the default.

A tax deed being regular on its face, so that the three years' limitation would apply thereto, the regularity of the tax proceedings after the assessment and up to the sale and the validity of the certificate of sale become immaterial.

Comp. Laws 1887, § 1639, provides that a tax deed shall recite that a certificate was presented to the county treasurer, showing the purchase of described premises and the time for redemption having expired, and a deed demanded for the tract mentioned in the certificate, which was the least quantity of the tract that would sell for

the amount due, now, therefore, etc.    Prior to Sess. Laws 1891, c. 14, a tax sale was required to be made to the person who would bid in the smallest fraction of the land for the taxes due, but in 1891 the law was changed to require the treasurer to first offer for sale, in bulk, farm lands, and sell them to person offering to take same at lowest rate of interest, and that if no bidder was found to offer the tracts separately.    A tax deed recited that certificates were presented to the county treasurer, showing the purchase of described premises, and that notice of expiration of time for· redemption had been served, and a deed having been demanded for the lands mentioned in the certificates, which lands were sold in bulk to such purchaser who had bid them in at the lowest rate of interest, now, therefore. etc.    Held, that the deed contained everything required by section 1639 in appropriate language, such language being changed from section 1639 only in such matters as were made necessary by the above-mentioned change in the law.

A tax deed need not on its face detail all the conditions that render the deed valid.

The words "in bulk" in a tax deed simply mean that the tracts for which the deed was made were sold in bulk, and such recital neither denies nor alleges that the sale included other tracts, or that such sale included all the lands outside of town lots upon which taxes were delinquent, and the presumption, in the absence of anything to the contrary, would be that the county treasurer complied with the statute, and there is nothing in such deed in any manner implying the contrary.

That no treasurer's seal was attached to a tax deed, but only the typewritten word "seal" following his name, is not a good objection to its validity, for while the form provided by Comp. Laws 1887, § 1639, prescribes that it shall state that the treasurer set thereunto his hand and seal, yet the section proper provides simply that the deed shall be executed by the treasurer under his hand, and it would undoubtedly have been sufficient if the treasurer had omitted any seal whatever.

The validity of a tax deed otherwise regular on its face is not affected by additional recitals not required by law, but which do not show that it has not been complied with.

A point not discussed in appellant's brief will not be considered.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Brule County.    Hon. FRANK B. SMITH, Judge.

Action by Charles E. Gibson against C. J. Smith and another.    There was a default judgment for plaintiff which was thereafter vacated, and from a subsequent judgment for defendant

Smith and an order denying a new trial, plaintiff appeals    Affirmed.

*W. F. Mason,* for appellant. *James Brown,* for respondents.

WHITING, P. J.  This was an action brought by the appellant against the defendants C. J. Smith and Ole Carlson, the purpose of which was to quiet the title to a certain tract of land in Brule county.  The defendant Carlson was made a party solely for the purpose of restraining him, as treasurer of said county, from issuing a tax deed upon a certain tax certificate held by defendant Smith, and it will be unnecessary for us to give the defendant Carlson any further notice.  Summons having been personally served upon both of the defendants herein, the defendant Smith being served on March 23, 1904, and no formal appearance or answer having been made on behalf of either of the defendants, the plaintiff applied to the court for judgment, and judgment was entered for plaintiff on May 2, 1904.  The complaint herein sets forth:  That the plaintiff is the owner in fee of the premises in question; that the defendant Smith claimed some estate or interest in the premises adverse to plaintiff, but that such claims are without right; that the defendant Carlson, as treasurer, threatens to issue a tax deed to defendant Smith on a tax sale of the year 1896 for taxes of 1895; and that the defendant Smith wrongfully claims some interest in said land from payments of taxes thereon for the years 1891 to 1902 inclusive.  Complaint then sets forth certain tenders that had been made by the plaintiff to the defendant on account of taxes paid by such defendant, and finally alleges that defendant since February 5, 1902, had been in wrongful possession of the property, and claim is made for reasonable value of the use and occupation of same.  It will be noted from the above that the complaint contains no allegation that defendant claims any interest in said premises under and by virtue of any tax deed.  The judgment entered as above mentioned quieted the title in the plaintiff to said land as against all right, title, or interest on the part of defendant Smith, upon the payment of a certain sum into court by the plaintiff for the defendant Smith.  The judgment in no manner specifically referred to any interest claimed by the defendant under any tax

deed. In November, 1904, the defendant Smith brought on for hearing before the trial court a motion asking to have the default judgment herein vacated and for the leave to answer, such motion being based upon affidavit of such defendant together with proposed answer attached thereto. The plaintiff resisted said motion, and in opposition filed several affidavits including those of counsel for plaintiff; attached to the affidavits of such counsel being copies of two letters—one from defendant Smith dated April 20, 1904, to plaintiff's attorney, and the other the reply of the attorney to the defendant, under date of April 29, 1904. The trial court granted the motion of defendant; the parties joined issues herein; the cause was tried and findings and judgment herein entered in favor of defendant Smith; the trial court denied a motion for new trial; and the plaintiff has appealed from the judgment herein and from order denying new trial. Upon such appeal plaintiff and appellant brings first for our consideration, the above-mentioned order opening the default and allowing defendant to answer.

From the affidavits and letters presented upon such motion the following facts appeared. Under date of April 20, 1904, the defendant wrote plaintiff's attorney as follows: "Please let me know what for or what about your complaint is." It will be noted that this letter purports to have been written before the defendant was in default, but the postmark upon the envelope shows that the same was not mailed until the afternoon of April 23d, at which time defendant was in default. This letter reached Aberdeen on April 25th, and was received by the attorney for plaintiff on April 26th. On April 29th, the attorney wrote the following letter to the defendant: "Aberdeen, South Dakota, April 29th, 1904. C. J. Smith, Esq., Kimball, S. D. Dear Sir: Yours of recent date in which you say, 'Please let me know what for or what about your complaint is,' lies before me. This inquiry is not very clear, but I have concluded that it must refer to the complaint on file with the clerk of courts your county, in the case of Charles E. Gibson against yourself and county treasurer of said county. As I have had no correspondence with you about this or any other matter, and have never served any com-

plaint upon you, I cannot guess what you refer to unless it be this complaint on file in the clerk's office. That is a complaint in an action to set aside tax deed and outstanding tax certificate on N. E. ¼ section 17, township 102 north, of range 67 west, in which the fact of the $300 tender made to you last November, is alleged, as also the willingness of the plaintiff to deposit that sum in court; but it cuts no particular figure now just what the allegations of complaint are, for the reason that the action has gone to judgment, and the $300 has been forwarded to the clerk, who will pay over same to you (less his statutory commission of 1 per cent) on your surrendering to him the tax certificate of 1896 sale for 1895 taxes. Have tried to give you in this letter such information regarding this case as can be of any value to you at this time; and should you desire any further information regarding the proceedings had in the case you can doubtless get it from H. D. Craft, clerk of courts, at Chamberlain. Yours truly, W. E. Mason."

It will be noticed that this letter was dated three days prior to the date of entry of judgment, although it recites therein that the action has gone to judgment. It will also be noticed that in this letter the defendant is advised that an attack had been made upon his tax deed. From the proposed answer it appeared that defendant held a tax deed to the land; that even if his tax title should be held void, yet besides being entitled to recover for taxes paid (which was the only thing conceded by complaint and covered by default judgment), he was entitled to recover for improvements consisting of fencing and breaking, and this the plaintiff did not deny in his affidavits. The matter of opening up defaults is one largely in the discretion of the trial courts, and certainly such discretion should not be interfered with by this court unless it clearly appears that such trial court was not justified in its course, and it appears to us that such trial court was fully justified in opening the default, if for no other reason, because of the fact that it appears that judgment was rendered in ignorance of certain matters that should have been brought to the attention of such court. The court was lead to enter a decree, which absolutely cut off all right, title, or interest of the defendant

Smith, without there being in the complaint anything which indicated the fact that such defendant had a tax deed to this land. If such tax deed had been presented to the court it might, and undoubtedly would, have held it to be a complete defense to the action and would have denied plaintiff the relief sought, even though the defendant had not appeared. We do not believe that any trial court, if he had been fully advised in relation to the letter written by the defendant, would have entered a default judgment without requiring something to be done to further notify the defendant; at least it was the duty of the attorney to call the attention of the trial court to this letter, and he makes no claim that he did so. And then when it appears that not only had defendant a claim under his tax deed, but undoubtedly a material claim by virtue of the improvements, of which improvements the court had been in no manner advised, it certainly would have been an abuse of discretion to deny the opening of the default.

This brings us to the merits of this case. The defendant in his answer sets up a claim as fee owner under and by virtue of a tax deed dated August 22, 1895, which deed was based on a certificate of sale dated November 7, 1892, issued upon sale of such land for unpaid taxes of the year 1891. Such answer further alleges that such tax deed had been of record more than three years prior to the commencement of the action, and the defendant pleads the three year statute of limitations, as a defense. The reply admits that plaintiff claims title; admits the land was subject to taxation for the year 1891, but attacks the assessments for said year; admits the recording on August 22, 1895, in the office of the register of deeds of the record purporting to be a record of an instrument signed and acknowledged by the treasurer of said county, and purporting to convey certain lands including the land in question, which record was headed "Treasurer's Tax Deed," but denies that such document was of the form required in the year 1895 or any time for such tax deed, and denies that the same contains the recitals necessary in such record, and denies that it was a tax deed. The reply further admits that three years had elapsed since the recording

above referred to and before the commencement of the action; admits the making of certain improvements upon the premises, which had been pleaded in said answer; and alleges the depositing in the court of $300, which had been tendered in the complaint.

Upon the trial a large volume of evidence was offered and received bearing upon the regularity of the tax proceedings after the assessment and up to the sale upon which the defendant's tax deed was based, as well as testimony bearing upon the validity of the certificate of sale upon which plaintiff claimed the defendant was seeking to have the treasurer issue another tax deed. But in the view which we take of this case it will be unnecessary to consider any claim of error predicated upon any of such evidence received. It will be readily seen that if defendant's tax deed was regular on its face, so that the three year statute of limitations would apply thereto, then all of such evidence above referred to becomes immaterial, it being admitted that the land in question was subject to taxation for the year 1891. Plaintiff's evidence showed that he was the holder of the original fee title, thus establishing a prima facie case. The defendant offered in evidence his tax deed, which was objected to, and one of the errors assigned is based upon the ruling of the court admitting such deed in evidence. When the deed was offered the following were the objections offered to the receipt of same: "Objected to by plaintiff as incompetent, irrelevant and immaterial; as void upon its face because it does not contain the recitals which a tax deed is required by law to contain; void on its face because it shows a sale in bulk of numerous separate and distinct tracts of land therein described, and does not recite that all the lands, not including town lots, sold at the tax sale therein referred to, were sold in bulk, and contains no recitals to show any sale authorized by law to be made or to show any lawful authority to sell in bulk the tracts therein described. Plaintiff also objects to said exhibit, for the reason that there is no treasure's seal upon said instrument; that the typewritten word 'seal' following the name of the treasurer at the foot of said instrument is not and does not purport to be the official seal of the treasurer of Brule county. Also for the reason that said instrument purports to be

acknowledged before the county auditor of said Brule county, who was disqualified from taking such acknowledgment by reason of the fact that he was required by statute to officially attest said Exhibit I. Plaintiff also objects to all that portion of said exhibit reading as follows: 'And on which the subsequent taxes for the year 1892, 1893 and 1894 have been paid by Ker D. Dunlop owner and holder of said certificates of purchases, to wit,' and the amounts stated in dollars following said language, as being recitals not required nor authorized by law to be contained in a tax deed, and recitals of facts of which a tax deed is not made by statute, and cannot be, evidence. Plaintiff also objected to all that portion of said exhibit beginning with the words 'and that after two years' and ending with the words 'a newspaper published in said county' as being recitals not required by law nor authorized to be contained in a tax deed, and recitals of facts of which a tax deed is not and cannot be used as evidence; also objects to said exhibit for the further reason that it has not been shown that any notice of expiration of period for redemption was filed or given prior to the issuance of said pretended tax deed."

As will be noted, the first objection was that such deed did not contain the recitals which a tax deed is required by statute to contain. Under the Compiled Laws of 1887 there was 'a statute prescribing a form for tax deed, the section wherein such form was prescribed being section 1639, which section is in words and figures as follows:

"Such deed shall be executed by the county treasurer under his hand, and the execution thereof shall be attested by the county clerk with the county seal, and such deed shall be conclusive evidence of the truth of all the facts therein recited, and prima facie evidence of the regularity of all the proceedings from the valuation of the land by the assessor up to the execution of the deed, and such deed shall be substantially in the following or other equivalent form, to wit:

"Whereas, A. B. did, on the......day of......, A. D.,18...., produce to the undersigned, C. D., Treasurer of the county of ...... in the territory of Dakota, a certificate of purchase in

writing, bearing date the ...... day of......, 18...., signed by E. F., who at the last-mentioned date was treasurer of said county, from which it appears that ...... did on the ......day of ......, 18...., purchase at public auction, at the door of the courthouse in said county, the tract, parcel or lot of land lastly in this indenture described, and which lot was sold to ......, for the sum of ......, being the amount due on the following tract or lot of land, returned delinquent for the nonpayment of taxes, costs and charges for the year 18...., to wit: (here insert the land offered for sale). And it appearing that the said A. B. is the legal owner of said certificate of purchase, and the time fixed by law for redeeming the land herein described having now expired, and the same not having been redeemed as provided by law, and the said A. B. having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges as above specified, and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 18...., and that said lands had been legally advertised for sale for taxes, and were sold on the ...... day of ......, 18....

"Now therefore, this indenture, made this ...... day of ......, 18...., between the territory of Dakota, by C. D., the treasurer of said county, of the first part, and the said A. B. of the second part, witnesseth, that the said party of the first part, for and in consideration of the premises and the sum of one dollar in hand paid, hath granted, bargained and sold, and by these presents doth grant, bargain, sell and convey unto the said party of the second part, ...... heirs and assigns forever, the tract or parcel of land mentioned in said certificate and described as follows, to wit: (describe the land) to have and to hold said mentioned tract or parcel of land, with the appurtenances thereto belonging, to the said party of the second part, ...... heirs and assigns forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell the same.

"In testimony whereof, the said C. D., treasurer of said county of ......, has hereunto set his hand and seal on the day and year aforesaid.

"Attest:                                      ............. [Seal.]

"Which deed shall. be acknowledged by said treasurer before some one authorized by law to take acknowledgments of deeds."

By the session laws of 1891, c. 14, there was established a new assessment and taxation law, practically all of the former law being repealed, except there was no repeal of such section 1639. The above section contained the only provisions, then in force, or in force at the time of the issuing of the deed in question, relating to the contents of a tax deed. Prior to this law of 1891 the statutes had provided that upon sale of real estate for taxes delinquent thereon, the same should be sold to the person who would bid in the smallest fraction of the land for the taxes unpaid thereon, and such statute provided that the certificate of sale should draw interest at the rate of 30 per cent. This method of sale apparently not proving satisfactory, the Legislature, in enacting the 1891 law provided that the treasurer should first offer for sale, in bulk, all the farm lands, not including town lots, upon which tax remained unpaid, and sell same to party offering to take same at lowest rate of interest providing that any one bid them in at a rate not to exceed 15 per cent.; and said statute provided further that, in case no such bidder was found, then the tracts should be offered separately to lowest bidder, no bid to be accepted above 15 per cent. These provisions were in full force at the time of the sale in question. The deed so offered in evidence, so far as its contents are material to the question now before us, was in words and figures as follows:

"Whereas Ker D. Dunlop did on the twenty-second day of August, A. D. 1895. produce to the undersigned W. L. Cook treasurer of the county of Brule, in the state of South Dakota, nineteen (19) certificates of purchase in writing, bearing date the twenty-third and twenty-fifth days of November, A. D. 1892, signed by L. S. House, who at the last mentioned dates was treasurer of said county, and from which it appears that Ker D.

Dunlop did on the seventh day of November, A. D. 1892, purchase at public auction at the treasurer's office at the courthouse, in said county, the tracts, parcels, or lots of land lastly in this indenture described, and which tracts, parcels, or lots were sold to Ker D. Dunlop for the sum of six hundred three and 03-100 dollars (603.03) being the amount due on the following tracts of land returned delinquent for the nonpayment of taxes, costs and charges for the year 1891, and on which the subsequent taxes for the years 1892, 1893 and 1894 have been paid by Ker D. Dunlop owner, and holder, of said certificates of purchase, to-wit: [Then follows nineteen descriptions, each description being followed by the amount for which said tract so described was sold, that relating to the tract in question being as follows:] The northeast quarter of section No. seventeen (17) township No. one hundred two (102) range No. sixty-seven (67) for $22.73, making a total of six hundred three and 03-100 dollars (603.03), and it appearing that said Ker D. Dunlop is the legal owner of said certificate of purchase and that after two years from the date of said sale he caused notices stating the date of said sale, a description of the property sold, the name of the purchaser, and that the right of redemption would expire and a deed for said land be made at the expiration of said sixty days from the completed service thereof, to be served upon the persons in possession of said lands personally, and also upon the persons who are interested in said lands who are nonresidents of Brule county, and in whose names the same is taxed, by publication three times in Missouri Valley Journal, a newspaper published in said county, and the time fixed by law for redeeming said lands having expired, and the same not having been redeemed as provided by law, and the said Ker D. Dunlop having demanded a deed, for the tracts of lands mentioned in said certificates, which lands above described were sold in bulk to Ker D. Dunlop, he having bid them in for the full amount of taxes, penalty, interest, and costs due on all of the above described lands, and at the lowest rate of interest per annum at which the bidder would pay the taxes assessed, and due against said lands with cost and charges above specified, and it appearing that said lands were legally liable for taxation,

and had been duly assessed, and properly charged on the tax book, or duplicate for the year 1891, and that said lands had been legally advertised for sale, for the taxes and were sold on the 7th day of November, 1892. Now therefore this indenture made this 22d day of August, 1895, between the state of South Dakota by W. L. Cook, the treasurer of said Brule county, of the first part, and said Ker D. Dunlop of the second part, witnesseth: That the said party of the first part for and in consideration of the premises, and the sum of one dollar in hand paid has granted, bargained and sold, and by these presents doth bargain, sell, grant and convey unto said party of the second part, his heirs, and assigns forever, the tracts or parcels of lands mentioned in said certificates and described as follows, to-wit: [Here follows the description of the said nineteen tracts including the tract in question.]

"All of the above described tracts of land lying and being in the county of Brule, and in the state of South Dakota. To have and to hold said mentioned tracts and parcels of land with the appurtenances thereto belonging to the said party of the second part, his heirs and assigns forever in as full and ample manner as the said treasurer of said county is empowered by law to sell the same.

"In testimony whereof, the said W. L. Cook, the treasurer of said county of Brule, has hereunto set his hand and seal on the day and year aforesaid. And I certify that all erasures and alterations. in this deed were made before signing.

                                "W. L. Cook, [Seal.]
            "County Treasurer of Brule County, South Dak.
    "Attest:   Ben Meiler, County Auditor, Brule Co., S. D.
[Seal of the County Auditor, Brule County, South Dakota.]
"State of South Dakota, County of Brule, ss.:

"On this 22nd day of August in the year one thousand eight hundred and ninety-five, before me, Ben Meiler, a county auditor within, and for said county, and state, personally appeared W. L. Cook, county treasurer of said county of Brule, well known to me to be the person, who is described in and who executed the

within instrument, and acknowledged to me that he executed the same as such treasurer for the purposes therein mentioned.

"Witness my hand and seal of my office the day and year last above written.

"Ben Meiler, County Auditor, Brule County, South Dakota. [Seal of the County Auditor, Brule County, South Dakota.]"

An examination of said section 1639 in connection with the foregoing deed will show that such deed contained each and every thing required in said section to appear in a deed in appropriate language, such language being changed from the wording pro-vided by such section only in such matters as were rendered neces-sary by the above-mentioned changes in the law since the passage of said section 1639. The second objection to the offer of the deed, to wit, on the grounds that it was "void on its face because it shows a sale in bulk, and contains no recitals to show any sale authorized by the law to be made, or to show any lawful au-thority to sell in bulk the tracts therein described," was certainly not well taken. Appellant's position seems to be that a tax deed must on its face foreclose the question as to whether or not the law has been complied with by detailing all the conditions that render such deed valid. It will be noticed that, if the words "in bulk" were omitted from the above deed, it would still contain all that said section 1639 required under the statute as it then existed. In case of sale in bulk separate certificates were issued as to each tract, just the same as there would have been in case there had been no bid for the lands in bulk and each tract had been sold separately. In either case the owners would have the right to redeem their land from such several certificates; but in case of no redemption, the then holder or holders of certificates could apply for tax deed, and a tax deed could issue on one or any number of certificates held by such party. For the above reason the words "in bulk" as used in said deed simply mean that the tracts for which this deed was made were sold in bulk. It neither denies nor alleges that such sale included other tracts with these, or that such sale included all the lands outside of town lots upon which taxes were delinquent. The presumption of law, without anything appearing to conflict therewith, would be that the

county treasurer complied with the statute, and there is nothing
in the deed that in any manner implies the contrary. In the case
of Hayes v. Ducasse, 119 Cal. 682, 52 Pac. 121, the plaintiff
claimed under a tax deed and judgment was entered for him, the
only question in the case being whether or not such deed was
valid on its face. The court says: "It is stated in said deed,
among other things, that the described parcel of land was 'offered
for sale at public auction, * * * and at such sale N. P. Camp-
bell was declared the purchaser of the whole of the hereinbefore
described property, who paid the full amount of said unpaid
delinquent tax, together with the costs and charges, * * *
that said sale was conducted in the manner prescribed by law.'
Defendants contend that the land is thus shown to have been
offered for sale as a whole and not otherwise, contrary to the
provision of the statute that the person who will take the least
quantity of land and pay the taxes and costs is the purchaser.
Pol. Code, § 3773. The deed does not recite a procedure at
the sale necessarily inconsistent with the requirement of the
statute. The land was, of course, rightly offered at public
auction. Id. § 3765. It may have been that, on a call for bids
of the amount of taxes and costs for the least quantity of land,
there was no response, and that the whole of the land was then
offered and found to be the least quantity which any person
would take and pay the taxes, etc. If so, the law is satisfied.
Hewes v. McLellan, 80 Cal. 393, 22 Pac. 287; Rollins v. Wood-
man, 117 Cal. 516, 49 Pac. 455. The deed does not show that
such course was not followed, and the question is whether it
ought to have shown affirmatively that it was followed. The
matters necessary under the present law to be recited in a tax
deed are those perscribed by the statute (Pol. Code, §§ 3776,
3785, 3786), and none other; for, as to all proceedings not pre-
sumptively established by these recitals (with some exceptions
of no present pertinence), the deed is made conclusive evidence
of regularity (Id § 3787; Rollins v. Wright, 93 Cal. 395, 29
Pac. 58; Miller v. Miller, 96 Cal. 376, 31 Pac. 247 [31 Am. St.
Rep. 229]). Nowhere is it commanded that the mode of offering
the land shall be stated in the deed. The deed before us contains

the recitals made imperative by said sections of the Code. The statement of the manner in which Campbell became the purchaser implies no contradiction thereof. It is therefore, by virtue of the express declaration contained in said section 3786, prima facie evidence that 'the property was sold as prescribed by law.' " In the same manner as referred to in the California case, section 1639, supra, declares that the deed shall be conclusive evidence of the facts therein stated and prima facie evidence of the regularity of all proceedings from the valuation of the lands by the treasurer up to the execution of the deed, so that, it appearing by said deed that the tracts therein stated were sold in bulk, such deed on its face becomes prima facie evidence that the treasurer followed the statute and sold all the farm lands in bulk at one sale. Whether or not there was actually such a sale in bulk, not being one of the matters for which an attack can be made upon a deed regular on its face, it follows that any evidence that was offered or received attempting to show an irregularity in such sale was incompetent and immaterial. Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91; Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204."

The next objection to such exhibit, namely, that there was no treasurer's seal attached, was insufficient for the reason that, while the form provided by said section 1639 notes that it shall state that the treasurer set his hand and seal to such instrument, yet the section proper provides simply that the deed should be executed by the treasurer under his hand, and it would undoubtedly have been sufficient if, in the case of the deed before us, the treasurer had omitted any seal whatever after his name, yet it does appear that after his name the word "seal" appeared in typewriting. The appellant has cited some Nebraska cases in support of this objection, but it will be found that the Nebraska statute specifically directed that the deed be executed under the seal of his office. Philip v. Stearns, 20 S. D. 220, 105 N. W. 467; Kirby v. Waterman, 17 S. D. 314, 96 N. W. 129.

The next objection to the deed seems to have been abandoned. Then follows an objection based upon matters contained in such deed, the objection being on the grounds that the same were not

authorized to be stated in a tax deed by the law of this state. Certainly it will readily be seen that such an objection is absolutely unfounded if the deed is otherwise regular on its face. Of course if this was a case where the deed was offered in evidence merely for the purpose of proving some facts stated in a recital in such deed, and such recital was not required by the statute, then there would be force to the objection; but the deed in question showing all that the law requires, there being nothing in these recitals complained of which in any manner shows that the law was not complied with, they do not affect the validity of the deed upon its face, and therefore the deed was admissible in evidence to prove defendant's title even if some statments therein were immaterial, though we do not wish to be understood as holding that these statements in the deed were immaterial. The final objection to such exhibit appears to have been abandoned by the appellant in his brief and demands no further attention.

The plaintiff and appellant having failed to show either that the property in question was outside of the taxation district where same purported to be taxed, or that it had not been assessed, or that it was exempt from taxation, or that the taxes had been paid or the land redeemed from such sale before execution of such deed, then, under the ruling of the cases above referred to, Cornelius v. Ferguson and Bandow v. Wolven, three years having elapsed since such tax deed was placed of record, and the deed being valid on its face, the validity of such deed cannot be attacked. The rights of the defendant Smith under said deed being adverse to and superior to any rights of the plaintiff under his claim of title, it becomes unnecessary to consider any other of the matters assigned by the appellant for the reason that they all relate to questions foreclosed by such statute of limitation or to matters that are immaterial, defendant being the owner of the land.

The judgment of the trial court and order denying a new trial are affirmed.