EL PUEBLO, DEMANDANTE Y APELADO, *v.* ALMODÓVAR, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 162 del Código Penal.

No. 969.—Resuelto en abril 28, 1916.

DELITO CONTRA EL DERECHO ELECTORAL—DERECHO ELECTORAL—SUPERINTENDENTE DE ELECCIONES—FACULTADES DEL SUPERINTENDENTE DE ELECCIONES—INSCRIPCIÓN DE ELECTORES.—De acuerdo con los artículos 13, 30, 31 y 32 de la ley electoral, secciones 805, 823 *et seq.* de la Compilación, el superintendente de elecciones está especialmnte autorizado para llevar a cabo las elecciones bajo la dirección del Consejo Ejecutivo; bajo su inspección están las listas de electores y funcionarios subalternos, estando facultado para expedir certificaciones con respecto a la inscripción de electores.

ID. — SUPERINTENDENTE DE ELECCIONES — PRINCIPALES FUNCIONARIOS DEL GOBIERNO—CONOCIMIENTO JUDICIAL—INSTAURACIÓN—FIRMA—SELLO.—El superintendente de elecciones en Puerto Rico es uno de los principales funcionarios del Gobierno dentro del significado del artículo 36 de la Ley de Evidencia y los tribunales deben tomar conocimiento judicial de su instauración, firma y sello.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se admite que las únicas cuestiones suscitadas en estos casos son: si el Superintendente de Elecciones es el oficial autorizado para expedir un certificado con respecto a la inscripción del demandado, y si la corte podía tomar conocimiento judicial de su firma.

La acusación imputa una infracción del artículo 162 del Código Penal por haberse hecho inscribir el acusado como elector en el municipio de Naguabo sin tener el tiempo de residencia necesario en dicha municipalidad. El superintendente auxiliar de elecciones de la localidad certificó la inscripción del nombre del acusado y el superintendente, bajo su firma, identificó y certificó al agente de inscripciones y su firma. La objeción es que el Consejo Ejecutivo es, de acuerdo con la ley, el encargado de las elecciones, y que no existe ninguna ley haciendo del superintendente el secretario u oficial autorizado de ese cuerpo. Pero un ligero examen de la Ley de Elecciones es bastante para demostrar el hecho de que el Superintendente de Elecciones está especialmente autorizado para llevar a cabo las elecciones bajo la dirección del Consejo Ejecutivo, y que todas las listas de inscripciones y funcionarios están bajo su inspección. Artículos 13, 30, 31 y 32 de la Ley Electoral, secciones 805, 832 *et seq* de la Compilación.

De acuerdo con la sección 30, las listas electorales, los informes de los agentes auxiliares, los nombres eliminados o adicionados, todo viene a manos de dicho superintendente para su informe al Consejo Ejecutivo. Es cierto que de acuerdo con la sección 29 los agentes auxiliares envían directamente sus listas e informes al Consejo Ejecutivo, pero las otras secciones citadas muestran que el Superintendente de Elecciones es el verdaderamente encargado de las listas y hace todo el trabajo de secretaría y de oficina del Consejo Ejecutivo en lo que a esto respecta. La clasificación final de las listas definitivas es hecha por él y no por el Consejo Ejecutivo.

La segunda cuestión es, en efecto, que el Superintendente

de Elecciones no es uno de los principales funcionarios del Gobierno de quien deba la corte tomar conocimiento judicial.

La sección 36 de la Ley de Evidencia dispone:

"Los tribunales tomarán en consideración judicialmente los siguientes hechos:

    *         *         *         *         *         *         *

"5. La instauración, firmas y sellos oficiales de los principales funcionarios del Gobierno en los departamentos legislativo, ejecutivo y judicial de Puerto Rico y de los Estados Unidos."

Creemos que es claro que el Superintendente de Elecciones en una comunidad donde existe el sufragio universal es uno de los principales funcionarios del Gobierno dentro del significado del artículo 36. En California se decidió que lo era un recaudador de contribuciones. *Wetherbee* v. *Dunn,* 32 Cal. 106.

La sentencia apelada debe ser confirmada.

<em>Confirmada la sentencia apelada.</em>

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.