[No. 12762.  In Bank. — May 4, 1889.]

F. F. DOLAND, APPELLANT, v.  JOHN E. MOONEY, ET AL., RESPONDENTS.

TAX SALE — VARIANCE IN RECITALS — SALE FOR EXCESSIVE SUM — PRE-SUMPTION. — The fact that the amount of taxes and costs recited in the certificate of tax sale is fifty cents less than that recited in the tax deed will not vitiate the tax sale or tax deed, or show that the sale was for a sum in excess of the taxes and legal costs. If the property was in fact sold for an excessive sum, that fact may be shown to invalidate the sale; but the presumption is in favor of the regularity of official action.

ID. — RECITAL OF INTEREST SOLD. — It is not ground of objection to a cer-tificate of tax sale and a tax deed thereunder that the certificate recites that the bidder "offered to take the least quantity of said property, or the smallest portion of interest therein," when the certificate and deed both show by the description of the premises sold that quantity was offered and only quantity was sold.

ID. — RECITAL OF COSTS OF PUBLICATION. — A recital in the certificate of tax sale and tax deed of the non-payment of the costs of publication will not vitiate the sale or deed, if it does not appear that the amount for which the property was actually sold included anything for costs of publication.

ID. — TAX PROCEEDINGS — SUBSTANTIAL CONFORMITY TO LAW — QUIETING TITLE — EVIDENCE. - - When a certificate of tax sale and tax deed con-form substantially to the requirements of the Political Code, it is error to refuse to admit the deed in evidence in an action to quiet title founded thereupon.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the Court.

*D. E. Alexander*, for Appellant.

The deed should have been admitted in evidence, as its sufficiency was adjudicated in *Doland* v. *Mooney*, 72 Cal. 35. (*Jaffe* v. *Skae*, 48 Cal. 543; *New York & N. H. R. R. Co.* v. *Schuyler*, 8 Abb. Pr. 239; *Buell* v. *Lockport*, 8 N. Y. 55; *Huttemeier* v. *Albro*, 2 Bosw. 546, 553; *Smith* v. *His Creditors*, 59 Cal. 267; *O'Grady* v. *Barnhisel*, 23 Cal. 291.)

*Grove L. Johnson, Clinton L. White,* and *Lincoln White,* for Respondents.

The deed is void because not containing the same recitals as the certificate. (Pol. Code, sec. 3786; *Grimm* v. *O'Connell,* 54 Cal. 522; *Hubbell* v. *Campbell,* 56 Cal. 527; *Anderson* v. *Hancock,* 64 Cal. 455; *Daly* v. *Ah Goon,* 64 Cal. 512.)

PATERSON, J. — Action to quiet title. At the trial plaintiff offered in evidence to support his claim of title a certificate of tax sale and a tax deed. The certificate was admitted; the deed was excluded. The ruling of the court in excluding the deed is assigned as error.

Respondent contends that the deed is void because it does not recite the matters recited in the certificate. We have examined the particulars in which the deed differs from the certificate, and are of the opinion that none of them are material.

In the certificate it is stated that the taxes and costs amount in all to the sum of $35.71. In the deed, the amount recited is $35.21. The authorities cited hold that if a *sale* of land for a delinquent tax is made for a sum in excess of the tax and legal costs, the sale is void unless the excess is less than the smallest fractional coin authorized by law. We cannot say that because the certificate and deed differ in such recitals that the *sale* was for a sum in excess of the tax and legal costs. If an excessive amount was demanded and the property sold therefor it would invalidate the sale, and that fact may be shown, but the presumption is in favor of the regularity of official action.

In the certificate it is recited that Mayo was " the bidder who offered to take the least quantity of said property, or the smallest portion of interest therein." The point is made that only the " least quantity " should have been offered for sale or sold. We think it clear that such was the fact. The certificate and deed both

define what is meant by least quantity and smallest portion of interest as follows: " Said least quantity of said property or smallest portion of interest therein is situated in said county of Sacramento, and is described as follows, to wit:    All of the above described property." Quantity was offered and only quantity was sold.

It is contended that the certificate and deed both show that a portion of the costs for which the property was sold was "costs of publication"; that although it does not appear how much was collected by the tax collector as costs of publication, yet the recitals make it clear that something was collected; and that as the law nowhere provides that any costs of publication may be collected, the sale must have been for a sum in excess of the taxes and legal costs due, and was therefore void.    There are in the certificate and deed preliminary statements that " said taxes, with five per cent, *and the cost of publication,* and other costs, not having been paid," etc.; but they both recite that Mayo was the bidder who offered to take the least quantity and pay the taxes and *costs due thereon,* including fifty cents for the certificate, and it does not appear that the amount for which the property was actually sold included anything for " costs of publication."

We think that the certificate and deed conform substantially to sections 3776 and 3786, Political Code, and that the court erred in refusing to admit the deed in evidence.

Judgment and order reversed, and cause remanded for a new trial.

WORKS, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.

McFARLAND, J., dissented.

Rehearing denied.