[No. 9652. Department One. — September 4, 1889.]

# DAVID HEWES, APPELLANT, v. ROBERT McLELLAN ET AL., RESPONDENTS.

TAX DEED — RECITAL — CHARGE FOR CERTIFICATE OF SALE. — A tax deed is not subject to objection because it recites that fifty cents was charged for the certificate of sale, instead of for the duplicate certificate, as allowed by statute. The recital showing but one charge of fifty cents, the error in the recital is wholly immaterial.

ID. — MODE OF TAX SALE — SALE OF WHOLE PROPERTY TAXED. — If property sold for taxes is offered for sale to the party who would take the least quantity of the land and pay the tax, it cannot be objected that the entire lot was sold for the taxes, if no smaller part was bid for.

ID. — RECITAL AS TO TIME FOR A DEED. — Under the provision of the code which requires the deed to contain the recitals contained in the certificate of sale, it is sufficient that the deed recites the fact that the time when the purchaser will be entitled to a deed was contained in the certificate of sale without an independent recital thereof as a fact.

ID — RECITAL OF NAME OF PERSON ASSESSED — PRESUMPTION. — The tax certificate and deed are not required to recite the name of the owner of the property, but only that of the person assessed; and it must be presumed, in the absence of proof to the contrary, that the person assessed was known to the assessor to be the owner.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Freeman & Bates,* and *E. W. Ashby,* for Appellant.

*John H. Boalt, Charles W. Wheeler,* and *E. A. & E. E. Lawrence,* for Respondents.

WORKS, J.—Ejectment. The plaintiff based his right to recover on two tax deeds alike in form. The deeds were offered in evidence, and excluded on the defendants' objection. This left the plaintiff without any evidence of title, and judgment of nonsuit was rendered against him, from which he appeals.

The only question in the case is as to the validity of these tax deeds. They were objected to on the following grounds: " 1. The deed shows that fifty cents was charged for the certificate, and hence the tax sale was for too much by fifty cents; 2. The tax collector offered the entire lot for sale, instead of the smallest quantity which any person would be willing to take and pay the tax; 3. That there is no recital in said deed that plaintiff was or would be entitled to a deed in one year; 4. The land was assessed to Thomas Hayes, not to the owner, that being no name in law."

The first and second of these objections are determined against the respondent by *Doland* v. *Mooney,* 79 Cal. 137, as we understand that case. If not, we now hold that the deed was not subject to these objections. As to the first, all that can be said is, that the deed shows that fifty cents was charged for the certificate, instead of the *duplicate* certificate, as allowed by the statute. But there appears to have been but one fifty cents charged, which renders this difference in the recital wholly immaterial.

As to the second, the property was offered in the way

that was held to have been proper in *Doland* v. *Mooney, supra.*

The third objection is based on the provision of the code which requires the deed to contain the recitals contained in the certificate of sale, one of which was the time when the plaintiff was or would be entitled to a deed. The deed contains the statement that the certificate recited that "the purchaser will, if the property so sold be not redeemed within twelve months from such sale, be entitled to a deed thereof on the third day of April, 1882." The requirement of the code that the deed shall recite when the purchaser *will be* entitled to it is absurd, and results from the general provision that it shall contain the recitals contained in the certificate, which was enacted no doubt without observing that one at least of the recitals proper in the certificate would be entirely improper and useless in the deed as the recital of a fact. We think, therefore, that it was sufficient that the deed recited the fact that this statement was contained in the certificate.

The fourth objection seems to us to be frivolous. The code provides: "If the name of the absent owner is known to the assessor, the property must be assessed in his name; if unknown, the property must be assessed to unknown owners." (Pol. Code, sec. 3636.) As the property was assessed in the name of Thomas Hayes, we must presume, in the absence of any showing to the contrary, that he was known by the assessor to be the owner, else the assessment would have been to "unknown owners." The certificate and deed are not required to state the name of the *owner,* but of the *person assessed.* (Pol. Code, secs. 3776, 3786.) It is not contended that this was not done in the present instance.

The case of *Roberts* v. *Chan Tin Pen,* 23 Cal. 263, is cited in support of the objection that the property was not properly offered. That case does not support the contention of counsel. It was there held that the desig-

nation of the part of the property to be sold, and which was sold, was of an uncertain quantity, and that the sale was for that reason void. In this case, there was no designation of a part, the offer being to the party who would take the least quantity of the land and pay the tax. The least that any one was willing to take was the whole. This was a definite amount, about which there could be no uncertainty. The statute in force at the time the sale mentioned in *Roberts* v. *Chan Tin Pen* was made provided that in case the owner did not designate the part to be sold, then "the tax collector *shall* designate," while the present statute provides that he *may* designate, etc. (Pol. Code, sec. 3773.)

As this change was made by amendment, it may fairly be said that it was the intention of the legislature to leave it to the discretion of the tax collector to offer a part or the whole of the property, as he might think best. But be this as it may, as the tax collector could find no bidder willing to pay the taxes for less than the whole property, there was no reason for designating a part less than the whole to be sold.

Counsel for respondent say that a deed precisely like the one under consideration was held to be invalid in *Frink* v. *Roe*, 70 Cal. 296, 320. The decision in that case was that "the tax deed offered in evidence, executed by E. H. Washburn, tax collector, was properly excluded." The deed is not set out or mentioned in the opinion, except as above stated. We cannot know, therefore, on what ground this court held it to have been properly excluded.

We think the deeds offered in evidence were valid, and that the court below erred in excluding them. There are some objections urged against them in this court that were not presented in the court below, but conceding that objections to the admissibility of evidence that has been excluded can be made for the first time in this

court, we hold that these additional objections are not well taken.

Judgment reversed, and cause remanded.

PATERSON, J., and FOX, J., concurred.