[S. F. No. 864. Department One.—December 20, 1898.]

## CALIFORNIA IMPROVEMENT COMPANY, Respondent, v. GEORGE A. REYNOLDS et al., Appellants.

STREET ASSESSMENT—PLEADING—POSTING OF NOTICE—WAIVER OF OBJECTION.—A complaint in an action upon a street assessment averring that the council directed its clerk to publish and post the resolution of intention for two days "in the manner prescribed by law," and that it was published and posted for two days "in the form and manner above-described," is not fatally defective for not averring that it was posted "conspicuously," and objection thereto is waived in the absence of a special demurrer, and the averment is sufficient after verdict.

ID.—PREMATURE PUBLICATION—SUFFICIENCY OF PERIOD—SUNDAY.—A

premature publication of notice of the passage of the resolution by the superintendent of streets, is immaterial, if, treating the notice as commencing at the proper date, a sufficient period of proper publication remains to show a compliance with the statute. Absence of publication on Sunday, upon which day no paper was issued, does not impair the sufficiency of the publication for the number of days prescribed.

ID.—PLEADING — CONTRACT— SPECIFICATIONS.—The complaint need not set out the contract or the specifications *in extenso;* and the averment that the plaintiff entered into a contract with the superintendent of streets for doing the work according to the specifications therein, sufficiently alleges that step in the proceedings as a basis for the recovery of an assessment upon the due performance of the contract.

ID.—AVERMENT OF PERFORMANCE.—An averment "that the plaintiff did all the work in said contract mentioned, and duly performed on its part in every respect said work, according to the specifications and terms of the contract," sufficiently avers performance of the contract. It is not a statutory averment of the performance of conditions precedent referred to in section 451 of the Code of Civil Procedure.

ID.—PROOF OF POSTING—AFFIDAVIT MADE OUT OF STATE—PRIMA FACIE EVIDENCE.—If an affidavit of the posting of the resolution of intention be rejected, as made out of the jurisdiction of the state, yet the assessment, diagram and warrant, with the engineer's certificate, are *prima facie* evidence of the regularity and correctness of the prior proceedings, and sufficiently prove the posting.

ID.—INVALID CONTRACT—DELEGATION OF POWER—VOID ASSESSMENT.— A contract delegating to the superintendent of streets the power to determine the amount of fine material to be used, so as to render it impossible for bidders to determine in advance the cost or profit of the work, renders the contract invalid, and the assessment therefor is void and will not create a lien upon the adjacent land.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

John T. Thornton, and James D. Thornton, for Appellants.

C. Harding Tebbs, for Respondent.

HARRISON, J.—Action upon a street assessment. The defendants filed a general demurrer to the complaint, which was

overruled, and the cause was thereafter tried and judgment rendered in favor of the plaintiff, from which the defendants have appealed.

1. Section 3 of the street improvement act declares that, after the passage of the resolution of intention to order the improvement, the resolution "shall be posted conspicuously for two days on or near the chamber door of the council." The complaint herein alleges that the council "directed its clerk to publish and post said resolution of intention for two days in the manner prescribed by law"; and that "said resolution was published and posted for two days in the form and manner above described." It is objected that the complaint is defective in not averring that the resolution was posted "conspicuously." This objection was not raised by special demurrer, and, as the averment was sufficient to authorize evidence of the character of the posting, if controverted, it must be held, "after verdict," that the averment was sufficient.

2. The resolution was passed September 7, 1891, and was published and posted by the clerk for two days, the publication being on the tenth and eleventh of September, and the posting is alleged to have been made "on the tenth to the twelfth of September." The superintendent of streets caused a notice of the work sufficient in form to be posted and kept posted for six days along the line of said work, and also caused a similar notice to be published for six days, "which publication commenced on the eleventh day of September, A. D. 1891, and ended on the seventeenth day of September, 1891, and was made meanwhile as often as said newspaper was issued." Section 3 of the above statute, after providing for the posting and publishing of the resolution of intention, declares that "the street superintendent shall thereupon cause to be conspicuously posted along the line of said contemplated work or improvement notices of the passage of said resolution. He shall also cause a notice similar in substance to be published for six days in one or more daily newspapers published and circulated in said city," et cetera. In *Porphyry etc. Co. v. Acker*, 104 Cal. 340, it was held that the publication and posting of the resolution by the clerk for the time named in this section is a condition precedent to the authority of the superintendent to post and publish the notices thus required; and it is con-

tended by the appellants that, as the publication was commenced on the eleventh of September, it was premature and insufficient to give the notice required by the statute. But, admitting this to be so, the publication was continuous, and may be regarded as commencing on the twelfth of September, and, as the complaint alleges that it ended on the seventeenth, and was meanwhile published as often as said newspaper was issued, it shows a sufficient compliance with the statute. The fact subsequently shown that it was not published on the thirteenth, that day being a Sunday, and the newspaper not being issued on that day, does not impair its sufficiency. Section 34 of the statute requires the publication of the notice in a daily newspaper only "as often as the same is issued," and the requirement in section 3 that the notice shall be published for six days does not require a publication upon six separate days. (*Taylor v. Palmer*, 31 Cal. 241.)

3. It was not necessary to set out the specifications for the work in the complaint at length, any more than to set out the contract *in extenso*. The specifications are but part of the contract, and the averment that the plaintiff entered into a contract with the superintendent of streets for doing the work according to the specifications therein sufficiently alleged that step in the proceedings to show its right to receive an assessment upon the due performance of the contract. (See *Byrne v. Luning Co.*, 38 Pac. Rep. 454.) The averment in the complaint "that the plaintiff did all the work in said contract mentioned and duly performed on its part in every respect said work according to the specifications and the terms of the contract," sufficiently avers its performance. This is not a statutory averment of the performance of conditions precedent referred to in section 457 of the Code of Civil Procedure, as is suggested by counsel for appellants.

4. It is next urged that the evidence is insufficient to show that the resolution of intention was posted for two days; and in support of this contention appellants rely upon the fact that the affidavit of such posting was made out of the jurisdiction of this state, and was therefore unauthorized. There was no evidence, however, that the resolution was not posted for two days, and if the affidavit be disregarded the assessment, diagram and warrant,

with the engineer's certificate, were introduced in evidence, and by section 12 of the statute they are made *prima facie* evidence of the regularity and correctness of the prior proceedings.

5. The specifications for doing the work provided that "the rock to be used on the surface of the roadway shall be of such size as to pass through a one-inch mesh, a smaller percentage of fine material consequent upon the crushing of the rock being allowable, the amount of the same to be governed by the superintendent of streets." Under this specification the superintendent was at liberty after the contract had been entered into to determine or vary the amount of fine material to be used, and it was therefore impossible for bidders to determine in advance the cost for doing the work, and competition in bidding was therefor restrained, and after the contract had been awarded the owners were unable to determine whether it would be to their advantage to elect to take the contract. The fact that the contract was awarded at a fixed sum per square foot fixes the amount which the contractor would receive, but the profit or cost of the work would depend upon the will of the superintendent. The vice of the contract is the same in character as existed in *Bolton v. Gilleran*, 105 Cal. 244, and under the principles declared in that case the contract must be held invalid. The validity of the contract is to be determined by its terms, irrespective of the amount involved. Unless there is a valid contract for the work the assessment therefor will not create a lien upon the adjacent land.

The judgment and order are reversed.

Garoutte, J., and Van Fleet, J., concurred.