WASHINGTON REED v. ELLA CULP *et al.*

No. 12,377.   (66 Pac. 616.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Immaterial Alteration.* The payee of a promissory note or bond, drawing seven per cent. interest, payable semianually, wrote the following on the back of the instrument: "I hereby agree to accept five (5) per cent. annual interest on the within bond from June 1, 1890," and signed the same. *Held*, that it was not a material alteration of the note.

2. ——— *Limitation of Action.* The evidence examined, and found to be sufficient to sustain the judgment.

Error from Franklin district court; SAMUEL A. RIGGS, judge.   Opinion filed November 9, 1901.   Division one.   Affirmed.

*F. A. Waddle*, for plaintiff in error.

*H. P. Welsh*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This was an action brought on November 12, 1898, by Ella Culp and L. W. Culp, the indorsees of a non-negotiable promissory note for $450, payable to Eliza Reed, trustee for Ella Crozier, against Washington Reed, the maker.   The note is dated December 17, 1886, and contains the provision that, in case the maker shall fail to pay the semiannual interest for two successive interest payments, when they mature, then the note shall at once become due and payable to the holder.   The petition sets out a copy of the instrument sued on, and alleges that certain interest payments have been made as shown by written indorsements thereon.   These indorsements show semiannual payments of interest, with the amounts, from June 17, 1887, to December 17, 1895, inclusive.   The

following is written on the back of the note: "I hereby agree to accept five (5) per cent. annual interest on the within bond from June 1, 1890.—Eliza Reed."

The answer of plaintiff in error, defendant below, averred: (1) That the note was executed to the payee without consideration; (2) that defendant had made no payments since the date of the note; (3) that plaintiff's cause of action was barred by the statute of limitations; (4) that the note was transferred to plaintiffs without any consideration therefor. The plaintiffs offered no evidence, and defendant Reed assumed the burden of proof. There were but two witnesses, Eliza Reed and the defendant below, Washington Reed. Eliza Reed testified:

"I kept said note in my possession until July, 1897, when I turned it over to Mr. L. W. Culp. I can't just tell how much was ever paid on that note. I was always very easy and careless about it; just so I had enough to live on I didn't feel like hurrying the children up. I thought it was all right to let them keep the interest I didn't want to use. I kept no account of the payments. I marked the payments as though they were made and they were not made. Every time a payment was due I gave credit for it by indorsing it on the back of the note. I can't tell how much was paid on the note. The last payment was made in 1892, as near as I can recollect. Nothing has been paid on that note by Washington Reed nor by any one for him since 1892. I have no way of fixing the exact time in my mind, but I am satisfied it was not later than 1892."

Defendant below testified that the last payment he made to apply on the note was on April 6, 1891, but did not state how much he paid at that time. The plaintiff below recovered judgment against Reed for the face of the note, with five per cent. interest from

December 17, 1892.  Of this Reed complains to this court.

Upon Eliza Reed's statement that the interest was paid last in 1892 the court was warranted in finding that the interest for 1892 was fully paid.  If the interest was paid up to December 17, 1892, then the statute of limitations did not begin to run until December 17, 1893, for by the terms of the note it did not mature until two interest payments were in default. If the statute of limitations began to run on December 17, 1893, then this action, which was commenced November 12, 1898, was not barred, for it was commenced four years, ten months and twenty-five days after the last payment of interest.

Plaintiff in error contends that the terms of the note as to interest payments were altered without his consent, and therefore that no recovery can be had.  This contention is based on the indorsement as follows: "I hereby agree to accept five (5) per cent. annual interest on the within bond from June 1, 1890.—ELIZA REED."  We do not think there is any substance in the claim made.  The language used was simply an offer on the part of Mrs. Reed to accept five per cent. It was a gratuitous proffer by the payee of the note that five per cent. would be accepted in lieu of the seven per cent. stipulated on the face of the instrument.  In the case of *Cambridge Savings Bank v. Hyde*, 131 Mass. 77, 41 Am. Rep. 141, it was held that a memorandum made by the holder on the back of a promissory note, to the effect that the rate of interest after a certain day will be less than that stated in the body of the note, is not an alteration of the note and does not discharge a surety of the maker, although

written in pursuance of an agreement between the holder and the maker of the note, without knowledge of the surety.

The judgment of the court below will be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.