[Civ. No. 840.  Second Appellate District.—December 7, 1910.]

# ROSA HENNESSY and T. M. HENNESSY, Her Husband, Respondents, v. HARRY E. HALL, Appellant.

ACTION TO QUIET TITLE TO CITY LOTS—DEFENSE—TITLE UNDER STREET WIDENING ASSESSMENT—PRIMA FACIE EVIDENCE—REBUTTAL—INSUFFICIENT AFFIDAVIT.—In an action to quiet title to city lots, in which the defense is of a title under an assessment for a street widening under the street opening act of 1903, the deed under which is *prima facie* evidence of title, the plaintiff was entitled to rebut the same by producing the affidavit filed with the board of public works, to show that it was insufficient to warrant a deed for failure of the same to show a compliance with all the provisions of section 28 of said act, without which compliance it is provided that no deed shall be made thereunder.

ID.—AFFIDAVIT REQUIRED TO SHOW DUE DILIGENCE TO FIND THE OWNER OF PROPERTY ASSESSED.—To warrant a deed to the purchaser under the street widening assessment, and to foreclose the owner's right of redemption upon constructive service by posting a notice upon unoccupied property, an affidavit must be filed *showing*, not merely stating, that due diligence was used to find the owner.

ID.—NATURE OF "SHOWING OF DUE DILIGENCE."—Whether or not there has been an exercise of due diligence must necessarily depend upon the doing of certain acts which, if performed, constitute "due diligence," and evidence of the fact of performance constitutes the "showing." There is an obvious and material distinction between showing a fact and stating it. Stating that "due diligence was used" merely alleges the fact, while "showing it" is to state the evidentiary facts which make it manifest or prove it.

ID.—SEARCH TO FIND OWNER INSUFFICIENT.—An ineffective search for a former owner, who appears from the record to have parted with the ownership of the lots to the plaintiff nearly four years before the posting of the notice on the property shows no diligence to find the real owner of the property. Merely making inquiries of persons near the property for such former owner was insufficient.

ID.—INVALID TITLE OF DEFENDANT TO LOTS—LIEN OF ASSESSMENT—CONDITION OF QUIETING TITLE.—When the title of defendant to the lots was invalid for want of compliance with the statute, his only interest in the lots was the lien of the assessment, and the court properly rendered a decree quieting the title of the plaintiff on condition of paying into court for the benefit of the defendant the amount of such assessment, which fully protected the defendant in all of his rights.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to change and modify the judgment upon the findings and conclusions of law based thereon. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

Cryer & Tuttle, for Respondents.

SHAW, J.—Action to quiet title to two certain lots of real estate in the city of Los Angeles.

The complaint is in the usual form. The defendant answered denying that plaintiff was the owner of the lots, or had any right, title, or interest therein; and further alleged that he was the owner in fee of the same under and by virtue of deeds made, executed and delivered to him by the board of public works of the city of Los Angeles pursuant to certain proceedings had and taken by said board for the opening of Jefferson street in said city under and in accordance with the provisions of what is known as the "Street Opening Act of 1903" (Stats. 1903, p. 376), whereby said lots were sold and conveyed to him for delinquent assessments made for the cost of such opening.

Judgment was rendered for plaintiffs. Thereafter, and in due time, defendants moved the court to vacate and set aside the judgment so rendered and to change and modify, as indicated in the notice of motion, the conclusions of law based upon the findings, which motion was by the court denied. Defendant appeals from both judgment and order.

The court found that plaintiff Rosa Hennessy was the owner of the real property described in the complaint; that defendant was not the owner thereof and had no right, interest, or estate in or to the same, "save and except such right as accrued to said defendant under two certain certificates of sale, issued to him on or about June 19, 1907, by the board of public works of the city of Los Angeles, pursuant to a sale of the property to said defendant for delinquent street widening assessment; that the amount of said sales was twenty-three dollars per lot, or forty-six dollars in all; that plaintiffs'

right to redeem the property from said sales has never been foreclosed, that plaintiffs have the right to redeem said property from said sales, and the amount necessary to be paid to defendant to so redeem said property is sixty-nine dollars.'' The court further found that the board of public works of the city of Los Angeles executed to defendant Hall deeds to both of the lots in question, but found that no notice of intention to apply for a deed, as required by section 28 of the street opening act of 1903, and no affidavit or affidavits showing service of said notice, either actual or constructive, were ever filed with said board of public works; and as conclusions of law, the court found that the deeds so executed to defendant by said board of public works were unauthorized and void, and that plaintiff Rosa Hennessy was entitled to a decree quieting her title to said real property upon payment into court, for the use and benefit of defendant, of the sum of sixty-nine dollars.

At the trial, it was in substance stipulated that plaintiff Rosa Hennessy was the owner of the property, subject to such claim and interest therein as defendant might have acquired by virtue of the deeds executed and delivered to him pursuant to the provisions of said street opening act, and further stipulated that all the proceedings for the opening of said street and assessments made for the cost of so doing, down to and including the issuance to defendant of the certificates of sale for the lots sold for delinquent assessments, were in all respects regularly and duly had and taken. It is also admitted the notice of the purchaser's intention to apply for a deed is sufficient in both form and substance; that the lots were unoccupied and such notice was duly posted thereon. Defendant offered in evidence the deeds, which, under section 29 of the act in question, are made *prima facie* evidence ''of the regularity of all proceedings prior to the execution thereof, and of title in the grantee.'' For the purpose of overcoming this *prima facie* showing made by the deeds, the plaintiffs offered in evidence the affidavit filed with the board of public works, which purported to show that defendant had complied with all the provisions of section 28, without which compliance the statute provides that no deed for any property sold for delinquent assessments shall be made. This affidavit, so far as pertinent to a consideration of the case, is as fol-

lows: "That the name of the owner of said property as given in the certificate of sale is A. S. Bixby; that affiant made a careful and thorough search of the directories of the city of Los Angeles of the years 1907 and 1906 for the name and address of the owner of said property, but affiant was unable to find said name or address in either of said directories; that affiant made inquiry of persons residing near said property for the correct name and address of the owner of the same, but none of said persons know or could tell affiant the name or whereabouts of the owner of said property; . . . that affiant was unable to find the owner of said property after due diligence exercised in that behalf." Section 28 of the act provides that the notice of intention to apply for a deed must be served upon the owner of the property; provided, however, if such owner cannot be found after due diligence, it may be posted thereon. It further provides that where such notice is not served upon the owner of the property personally "the person applying for a deed must file with the street superintendent (in this case, board of public works) an affidavit or affidavits showing . . . that due diligence was used to find said owner." It is the contention of respondents that the affidavit is insufficient and that the execution and delivery of the deeds was unauthorized by reason of the fact that the affidavit fails to show that due diligence was exercised to find the owner of the property. The chief question presented, therefore, for consideration is whether or not this affidavit constituted sufficient proof of service of the notice of the purchaser's intention to apply for a deed, as required by section 28 of said street opening act.

If, in the exercise of due diligence, the owner of the property cannot be found, the statute provides for a constructive service of the notice upon him by posting it upon the property, if the same be unoccupied. To warrant the execution of a deed to the purchaser and foreclose the owner's right of redemption upon such constructive service, an affidavit must be filed *showing,* not merely stating, that due diligence was used to find the owner. Whether or not there has been an exercise of due diligence must necessarily depend upon the doing of certain acts which, if performed, constitute due diligence, and evidence of the fact of performance constitutes the "showing." "There is an obvious and material distinc-

tion between showing a fact and stating it. In the one case, satisfactory proof may be required; in the other, the mere recital of the fact is sufficient." (*Meadow Valley M. Co.* v. *Dodds,* 7 Nev. 143, [8 Am. Rep. 709].) Stating that "due diligence was used" is merely alleging the fact, while "showing" it is to state the evidentiary facts which make it manifest or prove it. In *Coyle* v. *Commonwealth,* 104 Pa. 133, "to show" is said to mean, "to make apparent or clear by evidence; to prove." An examination of the affidavit in connection with the record discloses no facts whereby it is made to appear that due diligence was used to find the owner of the lots. While it appears that sometime prior to June 23, 1908, the date of posting the notice, affiant examined the city directory for the years 1906 and 1907 for the purpose of locating A. S. Bixby, designated in the certificate of sale as the owner of the lots, the record not only shows that he had no interest in the property at the time, but that he had parted with the ownership thereof nearly four years before the posting of the notice. The search of the directories, therefore, was not for the purpose of finding the owner of the property, but to locate one shown by the record to have had no interest therein. Neither can the inquiry alleged to have been made of persons living near the lots, standing alone, be regarded as an act tending to show due diligence to find the owner.

The affidavit failed to establish facts, the existence of which was necessary to warrant the making of the deeds upon constructive notice, and its introduction in evidence overcame the *prima facie* proof of regularity which the statute attaches to the deeds when made.

As the deeds were invalid, it follows that defendant's only interest in the property was the lien of the assessment, upon which the court found there was due the sum of sixty-nine dollars. As a conclusion of law, the court found that plaintiffs were entitled to a decree quieting the title of Rosa Hennessy upon their paying this sum into court for the benefit of defendant.

Appellant insists that the court erred in denying his motion for a modification of the conclusions of law and the entry of a judgment that plaintiffs take nothing. This claim is based upon the fact that, while plaintiffs in the course of the trial admitted the regularity of the proceedings upon

which the assessment was founded, they made no tender of payment of the amount due thereon, and hence they were not entitled to a judgment. Defendant did not assert any lien upon the lots, but claimed the ownership thereof by virtue of an alleged valid deed made pursuant to a sale to satisfy a lien. When the court found against the validity of this deed, the lien of an admitted valid assessment still attached to the lots. In *Ellis* v. *Witmer,* 134 Cal. 249, [66 Pac. 301], wherein it was sought to annul a valid street assessment, bond and certificate of sale and enjoin the issuance of a deed thereunder, it was said a court of equity will not grant relief on account of a sale for an excessive amount or insufficient notice, except upon condition of plaintiff paying the sum due, and further holding that where no such condition was imposed by the court the judgment should be reversed. In the case at bar such condition was imposed, the court finding that plaintiffs were entitled to a decree only upon condition that they pay into court for defendant's benefit the amount of his lien. The judgment and decree imposed like conditions. It thus appears that defendant was fully protected in all his rights. He did not ask for a foreclosure of his lien; indeed, he claimed none.

The record discloses no error, and the judgment and order appealed from are affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1911.