[L. A. No. 3496. Department One.—January 18, 1916.]

## ANNIE L. TILTON, Appellant, v. EDWARD RUSSEK, Respondent.

STREET OPENING ACT OF 1903—QUIETING TITLE—ADMISSION AS TO TITLE—DEED AS EVIDENCE OF TITLE—ORDINANCES AUTHORIZING WORK.— In an action to quiet title, in which it was admitted at the trial that the plaintiff was the owner of the land, except so far as her title may have been divested by virtue of a deed under which the defendant claimed, executed by the board of public works of the municipality in which the land was situated, pursuant to proceedings for the opening of an alley under the Street Opening Act of 1903 (Stats. 1903, p. 376), proof of the ordinance ordering the work done was not essential to the admissibility of the deed, or to the making of a *prima facie* case by the defendant, where the deed recited the passage of the two ordinances, one declaring the intention to open the alley in question, and the other ordering the improvement to be made.

ID.—DEED PRIMA FACIE EVIDENCE OF REGULARITY OF RECITED PROCEEDINGS.—Under section 29 of the Street Opening Act the deed is *prima facie* evidence "of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee." The deed itself is, therefore, sufficient evidence to warrant a finding that all the preliminary steps in the proceedings have been taken. It was within the power of the legislature to make the deed *prima facie* evidence of such preliminary steps.

ID.—PLEADING ORDINANCES BY DEFENDANT RELYING ON DEED.—In such action, a defendant relying upon such deed was not required to set up the ordinances in his answer. A general allegation of ownership was sufficient, and under such allegation any proof tending to establish the title alleged is admissible.

ID.—APPLICATION FOR DEED—DUE DILIGENCE TO ASCERTAIN ADDRESS OF OWNER—SUFFICIENCY OF AFFIDAVIT.—An affidavit of the purchaser to the effect that he had inquired of two named persons, the neighbors nearest to the property, which was vacant and unoccupied, for the address or whereabouts of the owner, and had searched the city and telephone directories in an endeavor to ascertain that fact, shows a sufficient "due diligence" in seeking to ascertain the whereabouts of the owner to meet the requirements of section 28 of the Street Opening Act.

ID.—DETERMINATION OF SUFFICIENCY OF AFFIDAVIT BY TRIAL COURT—APPEAL.—The sufficiency of such affidavit is necessarily a subject for determination by any court in which the validity of the proceedings is put in issue, and where the lower court has ruled that the affidavit was sufficient, its conclusion will not be overturned on appeal.

ID.—NOTICE OF FILING ASSESSMENT—PUBLICATION FOR TEN DAYS—INTERVENING SUNDAYS.—The provision of section 18 of the act that notice of the filing of the assessment shall be given by "publication for at least ten days in a daily newspaper," does not require any specific number of publications. It designates a period of time during which the publication is to be made, and intervening Sundays on which no publications were had are properly counted as a part of this period.

ID.—CERTIFICATE OF SALE—TIME FOR DEED—SUFFICIENCY OF RECITAL.—A certificate of sale reciting that "the purchaser or his assignee will be entitled to a deed of said property at any time after the expiration of twelve months from the said date of sale, upon giving notice of application therefor as provided by law, unless said property shall be sooner redeemed," sufficiently states when the purchaser will be entitled to a deed, within the requirements of section 26 of the act.

ID.—DEED—RECITAL OF MATTERS CONTAINED IN CERTIFICATE.—A deed, reciting that the certificate set forth various matters, including "the time when the purchaser would be entitled to a deed," but without repeating in detail the recital of the certificate setting forth the time when the purchaser would be entitled to a deed, sufficiently conforms to the requirements of section 28 of the act that there shall be recited in the deed "substantially the matters contained in the certificate."

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

W. G. Van Pelt, for Appellant.

Frederick A. Preston, for Respondent.

SLOSS, J.—Plaintiff sued to quiet title to a lot in the city of Los Angeles. There were four defendants named in the complaint. Two defaulted. The third, Louis, answered but did not appear at the trial nor introduce any evidence, and judgment was entered against him. The fourth, Russek, answered, denying the allegations of the complaint, and filed a cross-complaint alleging that Mrs. Decker (one of the defaulting defendants) was the owner of the property on September 20, 1911, on which date she had executed a mortgage upon the property, and that Russek had become the owner of said mortgage. The court found that the plaintiff was the owner of the property subject to the lien of Russek's mortgage. The plaintiff appeals from the part of the judgment in favor of Russek, and brings up the evidence by means of a bill of exceptions.

At the trial it was admitted that the plaintiff was the owner of the land, except so far as her title may have been divested by virtue of a deed executed by the board of public works of the city of Los Angeles to one Warden, pursuant to proceedings for the opening of an alley under the "Street Opening Act of 1903." (Stats. 1903, p. 376.) The respondent's mortgage was given by a successor in interest of Warden. The correctness of the judgment turns upon the validity of the sale and deed under the street opening proceedings.

The appellant attacks these proceedings in the following particulars:

1. The deed from the board of public works recites the passage by the city council of Los Angeles of two ordinances, the one declaring the intention of the mayor and council to open the alley in question, the other ordering the improvement to be made. Plaintiff objected to the admission of the deed in the absence of pleading and independent proof of the adoption of these ordinances.

The defendant offered in evidence the ordinance first referred to in the deed, i. e., the one declaring the intention of the city council to order the work done, but there was no

proof of the ordinance ordering the work done. We do not think the proof of this ordinance was essential to the admissibility of the deed or to the making of a *prima facie* case by the defendant. Under section 29 of the Street Opening Act the deed is *prima facie* evidence "of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee." The deed itself is, therefore, sufficient evidence to warrant a finding that all the preliminary steps in the proceedings have been taken. The power of the legislature to make the deed *prima facie* evidence of such preliminary steps is well settled by our decisions. (*Rollins* v. *Wright*, 93 Cal. 395, [29 Pac. 58] ; *Clarke* v. *Mead*, 102 Cal. 516, [36 Pac. 862].) The appellant argues that courts of record do not take judicial notice of municipal ordinances, and that such ordinances must, where they are a necessary part of the case, be proven. This is no doubt the general rule. (*Ex parte Davis*, 115 Cal. 447, [47 Pac. 258] ; *City of Tulare* v. *Hevren*, 126 Cal. 229, [58 Pac. 530].) But we have here no question of taking judicial notice of the ordinances. The term "judicial notice" presupposes the absence of evidence. Under the act, the deed furnishes *prima facie* evidence of the regularity of all proceedings prior to its execution. Those proceedings include the passage of the ordinance. *Prima facie* proof of the passage of such ordinance was therefore made by the introduction of the deed, and the court was not asked to take judicial notice of anything.

In *Metteer* v. *Smith*, 156 Cal. 574, [105 Pac. 735], relied on by appellant, it was held that a tax deed issued on a sale of property for delinquent city taxes was not admissible in evidence without proof of the passage of an ordinance recited in the deed. The precise nature of the ordinance referred to is not disclosed by the opinion. If the passage of the ordinance was a step in the process of assessment, of equalization or of the levy of taxes, it is not easy to see why such ordinance was not sufficiently proven, in view of the provision of section 3786 of the Political Code (made applicable to the proceedings in question by section 871 of the municipal incorporation act), [Stats. 1905, p. 89], that the deed is *prima facie* evidence, that (1) the property was assessed as required by law; (2) the property was equalized as required by law; (3) the taxes were levied in accordance with law. Be this

as it may, the provisions of section 3786 of the Political Code are not so broad as those of section 29 of the "Street Opening Act of 1903," which, as we have said, makes the deed *prima facie* evidence of the regularity of all proceedings prior to the execution thereof, and of title in the grantee. This language includes city ordinances as well as any other intervening steps.

There is no force in the contention that the respondent was bound to set up the ordinances in his answer. If he had undertaken to plead a title derived under a delinquent sale, he would have been required to allege every proceeding essential to the validity of such sale. (*Himmelman* v. *Danos*, 35 Cal. 441, 449; *Russell* v. *Mann*, 22 Cal. 131.) But here the respondent's answer and cross-complaint alleged merely that, at the time of the execution of the mortgage owned by him, the mortgagor Decker was the owner in fee and entitled to the possession of the property. The source of Decker's title was not pleaded. A general allegation of ownership of real property is all that is required, and under such allegation any proof tending to establish the title alleged is admissible.

2. Under section 28 of the act, the purchaser must, at least 30 days before he applies for a deed, serve on the owner of the property, and the occupant thereof, if it be occupied, a written notice setting forth various matters. If the owner "cannot be found, after due diligence," the notice must be posted upon the property. "The person applying for a deed must file with the street superintendent an affidavit or affidavits showing that notice of such application has been given, . . . " and if the notice was not served on the owner of the property personally, that due diligence was used to find such owner. There was no personal service in this case. It is claimed that the affidavit filed by the purchaser was insufficient to show that due diligence had been used to ascertain the whereabouts of the owner.

The declarations of the affiant in this regard were that he had "inquired of Miss Nelson at 857 E. Adams Street and of the occupants of 848 East Adams Street for the address or whereabouts of Annie L. Tilton, or Annie L. Tilden, or the owner of said property, and said persons were unable to give any information relative to the whereabouts of said person, said persons being the neighbors nearest said property.

"That the name of Annie L. Tilden is given on the assessment-roll as the owner of said property.

"That he has searched the city directory and the telephone directories, seeking to ascertain the address and whereabouts of the said Annie L. Tilton, or Annie L. Tilden, and to find the same affiant has been wholly unable, and that he knows of no other place or person where he could learn the address or whereabouts of said persons.

"That the property is vacant and unoccupied."

In *Hennessy* v. *Hall,* 14 Cal. App. 759, 762, ·[113 Pac. 350, 352], the court said that "to warrant the execution of a deed to the purchaser and foreclose the owner's right of redemption upon such constructive service, an affidavit must be filed *showing,* not merely stating, that due diligence was used to find the owner." In other words, the affidavit must set forth evidentiary facts which justify the conclusion that due diligence was used. In this respect the requirement of the statute is not unlike that of section 412 of the Code of Civil Procedure, authorizing service of summons by publication when the person to be served "cannot, after due diligence, be found within the state; . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof." In order to justify publication of summons "the affidavit must show two facts, viz., the exercise of due diligence to find the defendant within the state and a failure to find him after the exercise of such diligence." (*Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 216, 70 Pac. 732].) An affidavit which merely states these "ultimate facts," or conclusions in the language of the statute, is not adequate. (*Ricketson* v. *Richardson,* 26 Cal. 149.) But if the evidentiary facts set forth in the affidavit have a "legal tendency" to show the ultimate facts, the order for publication is sufficiently supported. (*Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 616, 70 Pac. 732]; *People* v. *Wrin,* 143 Cal. 11, [76 Pac. 646]; *People* v. *Norris,* 144 Cal. 422, [77 Pac. 998]; *Sharp* v. *Salisbury,* 144 Cal. 721, [78 Pac. 282]; *Shepard* v. *Mace,* 148 Cal. 270, [82 Pac. 1046]; *Roberts* v. *Jacob,* 154 Cal. 307, [97 Pac. 671].) In all of these cases the court upheld orders based on affidavits which, in their statement of facts tending to show the exercise of due diligence, were not materially stronger than the one here involved. The property in question is an unoccupied city lot. The affidavit states that the affiant made inquiry of persons

residing at two certain addresses. It is true, as claimed by the appellant, that it does not appear how near these places were to the property in question. But it is stated that the occupants of these places were "the neighbors nearest said property." The statement of the affidavit that search had been made of "the city directory and the telephone directories" is not very satisfactory, in view of the omission to specify the years for which such directories were issued. But taking the whole affidavit together, we think it cannot be said that it is lacking in the allegation of facts tending to prove due diligence in seeking to ascertain the whereabouts of the owner. It is not unreasonable to say that the persons living nearest an unoccupied city lot are likely to know who owns the lot and where he is to be found. The affidavit held insufficient in *Hennessy* v. *Hall,* 14 Cal. App. 759, [113 Pac. 350], was decidedly weaker than the one now before us. It appeared that the person whom the affiant had sought to locate was not the owner of the property at the time of the search, but had parted with all interest therein nearly four years before.

It is sought to distinguish *Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 616, 70 Pac. 732], and similar cases, on the ground that in ordering a publication of summons the court or judge passes upon the sufficiency of the affidavit. The requisite facts must "appear by affidavit to the satisfaction of the court or . . . judge." (Code Civ. Proc., sec. 412.) The finding (implied in the making of the order) that a sufficient showing has been made will be sustained if the facts alleged in the affidavit justify a finding either way. (*Bender* v. *Hutton,* 160 Cal. 372, [117 Pac. 322].)

The Street Opening Act, however, does not in terms empower anyone to find the existence of the facts which are to be "shown" by the affidavit. The street superintendent (or, in the city of Los Angeles, the board of public works, which has, by charter provision, succeeded to the duties of such superintendent), is to execute the deed after the filing with him of the prescribed affidavit. He is therefore called upon to determine, in the first instance, whether the affidavit shows the requisite facts. But, conceding that no particular weight is to be given to his action in accepting the affidavit and executing a deed, the sufficiency of the affidavit must necessarily

be a subject for determination by any court in which the validity of the proceedings is put in issue. In the present case the lower court has, by finding in favor of the respondent, ruled that the affidavit was sufficient. We cannot overturn this conclusion. Whether we could sustain a holding to the contrary is a question that is not presented.

3. Section 18 of the act [Stats. 1903, p. 380] requires that after the assessment is completed and filed with the city council, the council shall give notice of such filing "by publication for at least ten days in a daily newspaper published and circulated in the city. . . . " The affidavit of publication states that the notice was published for "ten consecutive days (Sundays excepted), commencing on the 8th day of October, 1909, and ending on the 18th day of October, 1909, both days inclusive, and as often during said period as said newspaper was issued, to wit, daily." October 9 and 16, 1909, were Sundays, and there had, therefore, been only nine publications. This is claimed to be insufficient under the statute.

The expression, "publication for ten days," found in section 22 of the act, [Stats. 1903, p. 382], does not require any specific number of publications. It designates a period of time during which the publication is to be made. The intervening Sundays are properly counted as a part of this period. (*Taylor* v. *Palmer*, 31 Cal. 240; *California Imp. Co.* v. *Reynolds*, 123 Cal. 88, [55 Pac. 802].) A paper published only six days of the week is a "daily newspaper" (*Richardson* v. *Tobin*, 45 Cal. 30), and a publication for the required period in every issue of such a paper is a compliance with the statute. (*California Imp. Co.* v. *Reynolds*, 123 Cal. 88, [55 Pac. 802].)

4. Under section 26 the street superintendent must execute a certificate of sale setting forth " . . . the time when the purchaser will be entitled to a deed." Under section 27 redemption may be made at any time prior to the execution and delivery of a deed therefor. The deed is to be executed (section 28) at any time after the expiration of twelve months from the date of sale, if the purchaser has given thirty days' notice, as required by said section 28, of the time when he will apply for a deed. The certificate of sale in this case stated that "the purchaser or his assignee will be entitled to a deed of said property at any time after the expiration

of twelve months from the said date of sale, upon giving
notice of application therefor as provided by law, unless said
property shall be sooner redeemed.'' This, it is claimed, does
not comply with the requirement of section 26.

It is questionable whether the alleged defect in the certifi-
cate may be complained of by the appellant. The certificate
was admitted in evidence without objection. It was not
necessary to the defendant's case, the deed itself furnishing
*prima facie* evidence of the regularity of the prior proceed-
ings. But since the certificate was in fact introduced, its
insufficiency might have been reached by an attack on the
findings. The specifications of insufficiency are, however, so
limited as to exclude such attack.

But, in any view, we think the certificate did recite cor-
rectly the time when the purchaser would be entitled to a
deed. Under the act the deed is to issue at any time after
the expiration of twelve months from the date of sale if the
purchaser has complied with the provisions of the section and
the property has not been redeemed. The purchaser is,
therefore, entitled to a deed at any time after the expiration
of twelve months upon giving the proper notice, unless said
property is redeemed prior to the delivery of such deed. If
we interpret the word ''sooner'' in the recital to refer to the
date when the purchaser will be entitled to a deed—a per-
fectly permissible construction—the recital is in exact con-
formity with the provision of the law.

5. The deed recites that the certificate set forth various
matters, including ''the time when the purchaser would be
entitled to a deed.'' It did not repeat in detail the recital
of the certificate setting forth the time when the purchaser
would be entitled to a deed. It is claimed that such recital
was necessary under the provision of section 28 that there
shall be recited in the deed ''substantially the matters con-
tained in the certificate.'' Assessments for street improve-
ments, like tax proceedings, are *in invitum,* and where the
statute prescribes the form of the instrument which is to di-
vest the title of the owner, such form must be followed. A
want of the recitals required by law will make the deed void.
(*Grimm* v. *O'Connell,* 54 Cal. 522; *Simmons* v. *McCarthy,*
118 Cal. 622, [50 Pac. 761]; *Baird* v. *Monroe,* 150 Cal. 560,
564, [89 Pac. 352].) ''It is not for the court to inquire

whether the required recitals are of material facts. . . . ''
(*Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352].)

The statute does not specify, in terms, the precise recitals to be contained in the deed. It merely calls, by reference, for "substantially the matters contained in the certificate." The particular recital here involved relates to the happening, in terms of futurity, of an event which is to occur after the issuance of the certificate, but will have taken place when the deed is executed. Of a somewhat similar provision in section 3786 of the Political Code this court said (*Hewes* v. *McLellan,* 80 Cal. 393, 395, [22 Pac. 287, 288]) : "The requirement of the code that the deed shall recite when the purchaser will be entitled to it is absurd, and results from the general provision that it shall contain the recitals contained in the certificate, which was enacted, no doubt, without observing that one at least of the recitals proper in the certificate would be entirely improper and useless in the deed as the recital of a fact. We think, therefore, that it was sufficient that the deed recited the fact that this statement was contained in the certificate." Under the case just cited it would clearly have been sufficient if the deed had repeated the recital of the certificate. It did not do this, merely reciting, as has already been stated, that the certificate set forth "the time when the purchaser would be entitled to a deed." We think, however, that the reasoning in *Hewes* v. *McLellan* justifies the conclusion that this was a substantial compliance with the statute, in view, especially, of the rather indefinite language (*"substantially* the matters contained in the certificate") in which section 28 defines the necessary recitals in the deed. For the purposes of the particular recital here in question, we hold that every demand of the law, reasonably construed, is fully satisfied by such a deed as the one before us.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.