[Civ. No. 2644. Second Appellate District, Division One.—June 6, 1919.]

BARBARA N. SHEA, Respondent, v. A. W. BRODE, Appellant.

[1] MUNICIPAL CORPORATIONS—ACQUIRING OF PROPERTY FOR PARKS AND PLAYGROUNDS—DELINQUENT ASSESSMENTS—SALE—SERVICE OF NOTICE TO REDEEM—SUFFICIENCY OF AFFIDAVIT.—In this action by the record owner of a certain lot to quiet title against one asserting title to the property under and by virtue of a deed made and delivered to him by the board of public works of the city of Los Angeles, in pursuance of proceedings had and taken under the provisions of the Park and Playground Act (Stats. 1909, p. 1066), to condemn certain property, the assessment for the cost of acquiring which was levied upon lots and parcels of land which included that in controversy, the affidavit of service of notice to redeem, in which was set forth the acts of the defendant in his efforts to discover the whereabouts of the owner of the property, was sufficient to show due diligence on the part of the defendant in his effort to ascertain the whereabouts of plaintiff and serve upon her the notice to redeem required by the statute.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Reversed.

The facts are stated in the opinion of the court.

George H. Moore for Appellant.

Conner, Heath & Maxwell for Respondent.

SHAW, J.—Action to quiet title. Judgment for plaintiff. Defendant appeals.

Plaintiff was the record owner of the lot in question. Defendant asserted title to the property under and by virtue of a deed made and delivered to him by the board of public works of the city of Los Angeles, in pursuance of proceedings had and taken under the provisions of the Park and Playground Act (Stats. 1909, p. 1066), to condemn certain property known as Exposition Park, the assessment for the cost of acquiring which was levied upon lots and parcels of land which included that in controversy.

The legality and correctness of the proceedings had and taken prior to the time when the assessments made became delinquent are unquestioned. Plaintiff, respondent here, challenges the validity of the proceedings upon five grounds. She claims, first, that the signing of the certificate of delinquency by R. I. Follmer, assistant clerk, was irregular and insufficient to constitute a compliance with the provisions of section 18 of the act. Second, that the certificate of sale was not executed in duplicate because, while conceding that one copy thereof was properly signed by the president of the board of public works, the signature to the other copy was a facsimile stamp signature of the same officer, affixed at his request by the clerk. Third, that the signature, "Board of Public Works of the City of Los Angeles, by Lorin A. Handley, President," affixed to the deed, was unauthorized and insufficient to constitute an execution of the deed. Fourth, that the notice to redeem is invalid in that, after the statement of the amount due for redemption, it contained the following words inserted in parentheses: "and three dollars for serving of this notice and making affidavit thereto, as allowed by law."

In the case of *O'Neil* v. *Brode*, 40 Cal. App. 371, [181 Pac. 91], all of these questions were presented to this court upon an appeal which involved the same proceedings and assessment, and decided adversely to the contention of respondent. It is unnecessary to repeat what was there said; suffice it to say that the members of this court adhere to the conclusions reached therein in disposing of the same questions now raised on this appeal.

[1] The other point made in this case and not involved in the O'Neil case is that the affidavit of service of notice to redeem is insufficient, for the reason that it fails to show an exercise of due diligence on the part of defendant in serving the notice, as required by section 24 of the act. It appears from the affidavit that, the property being vacant and unoccupied, affiant posted a sufficient notice thereon in a conspicuous place, tacked upon a board and nailed to an upright stake driven into the ground; that the assessment showed the name of the owner of the property to be Cornelius Shea; that after making inquiry in the immediate vicinity of said property in an effort to locate Cornelius Shea and obtaining no information as to him or his where-

abouts, he searched the city directory of Los Angeles and the directories of the two telephone companies without finding his name therein; that thereupon he, for a remuneration paid, sought the assistance of a company known as the Los Angeles Map and Address Company, which claimed to possess knowledge of the names and addresses of people owning lots and lands in the city of Los Angeles, and from said company learned that Barbara N. Shea, plaintiff herein, was the then owner of the property, and that a letter addressed to her, care Spokane Title Company, Spokane, Washington, should reach her; that thereupon defendant mailed said notice to redeem to the address so given him, which letter was returned by the postoffice department; and that affiant does not know of any method or way to induce the owner of said property to redeem the same; followed by a statement that prior to the posting of notice upon said property he had exercised due diligence to find the owner thereof. In support of her contention that this affidavit fails to show an exercise of due diligence, respondent cites *Hennessy* v. *Hall*, 14 Cal. App. 759, [113 Pac. 350], wherein the affidavit was held insufficient by reason of the fact that no acts performed by the affiant in his efforts to discover the whereabouts of the party, were shown, the averment being merely that he had used due diligence. This was held insufficient; but it is not authority for the contention here made, since the acts done by affiant are set forth in the affidavit. In our opinion, the averments are sufficient under the circumstances to show due diligence on the part of defendant in his effort to ascertain the whereabouts of plaintiff and serve upon her the notice to redeem required by the statute.

Upon the authority of what is said in *O'Neil* v. *Brode*, *supra*, and our conclusion as to the sufficiency of the affidavit, the judgment is reversed.

Conrey, P. J., and James, J., concurred.